378 So.2d 828 (1979)
Robert P. SCOTT, Appellant,
v.
E.L. WALKER, On Behalf of Himself and Others Similarly Situated, and Mobile Land and Title Company, a Florida Corporation, Appellees.
No. 79-925.
District Court of Appeal of Florida, Second District.
December 12, 1979.
Franklyn A. Johnson, Jr., of Johnston, Burnett, Johnson & Pondolfi, Fort Myers, for appellant.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellee Mobile Land and Title Company.
Harold N. Hume, Jr., of Allen, Knudsen, Swartz, DeBoest, Rhoads & Edwards, Fort Myers, for appellee E.L. Walker.
SCHEB, Judge.
Robert P. Scott appeals from the trial court's denial of his motion to vacate final judgment in a class-action suit instituted in *829 1976 by E.L. Walker. Scott contends that the trial court abused its discretion in denying the motion because Walker inadequately represented the class and did not give the requisite notice to class members. We disagree, and affirm.
On May 20, 1976, Walker filed a class-action suit against Mobile Land and Title Company, owner of a mobile home park, seeking to invalidate the service fee paid by residents of the park to Mobile pursuant to the terms of the park's Declaration of Conditions. The complaint also sought to enforce other provisions of the Declaration. Walker sued on behalf of himself and all other lot owners in the park, including Scott. Subsequently, Walker and Mobile entered into a stipulation for settlement, and on September 26, 1978, the trial court entered a final judgment based upon the stipulation.
On March 8, 1979, Scott moved on behalf of himself and other lot owners to vacate the judgment pursuant to Florida Rule of Civil Procedure 1.540. Initially, he contended that Walker did not give notice to any lot owners of either the suit, the settlement or settlement negotiations, and that this violated procedural due process requirements as set out in Frankel v. City of Miami Beach, 340 So.2d 463 (Fla. 1976). We disagree with Scott's construction of Frankel. It is true that Frankel states that procedural due process requires that individual notice be provided to those class members who are identifiable through reasonable effort. Id. at 469. This statement, however, is based directly on the United States Supreme Court's opinion in Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Eisen, however, is based on the mandatory notice requirement of Federal Rule of Civil Procedure 23, Subsections (b)(3) and (c)(2), and not on procedural due process requirements. In fact, procedural due process does not require notice to all class members in class action suits, but requires instead that the class representative adequately represent the interests of the class. Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940); see also Paulino v. Hardister, 306 So.2d 125 (Fla.2d DCA 1974).
Finally, in his motion, Scott stated that Walker did not adequately represent the class. Neither in the motion nor in its accompanying affidavits, however, did Scott show how Walker inadequately represented the class. Consequently, the trial court did not abuse its discretion in denying the motion. Claffey v. Serafino, 338 So.2d 270 (Fla.2d DCA 1976); see also Kar Kare Owners Group of Florida, Ltd. v. Chason, 356 So.2d 851 (Fla. 4th DCA 1978).
Consequently, we affirm the trial court's order denying Scott's motion to vacate the judgment.
HOBSON, Acting C.J., and DANAHY, J., concur.