400 So.2d 110 (1981)
PALM BEACH TOWERS, INC., and Harry Helmsley, Appellants,
v.
George KORN, et al., Appellees.
No. 78-2221.
District Court of Appeal of Florida, Fourth District.
June 17, 1981.
*111 Walter H. Beckham, Jr., and Michael Olin of Podhurst, Orseck & Parks, P.A., Miami, for appellants.
Gary S. Brooks of Williams, Salomon, Kanner, Damian, Weissler & Brooks, Miami, for appellees.
GLICKSTEIN, Judge.
This is an interlocutory appeal by the developers of a condominium from an order of the trial court which found, as a matter of law, that the five named individual plaintiffs and the plaintiff condominium association, Palm Beach Towers Condominium Association, Inc., properly represent the class; and that, accordingly, the matter shall proceed as a class action. We have jurisdiction to review this non-final order, Kohl v. Bay Colony Club Condominium, Inc., 385 So.2d 1028, (Fla.4th DCA 1980), and affirm.
Two issues raised by appellants require consideration.[1] The first is notice to the members of the class. Upon remand the trial court may order appellees to provide notice to all members of the class in order that each non-consenting member may have the opportunity to "opt out" of the suit. The Florida Bar, 353 So.2d 95 (Fla. 1977). However, such notice is not necessary to satisfy procedural due process. Scott v. Walker, 378 So.2d 828 (Fla.2d DCA 1979).
The second concerns the question of authority and consent raised by appellants' Amendment to Answer and Affirmative Defenses. It is the general law of this state that when a plaintiff institutes an action it subjects itself to the jurisdiction of the court and to such lawful orders which are thereafter entered with respect to the subject matter of the action. Glass v. Layton, 140 Fla. 522, 192 So. 330 (1937); Brasch v. Brasch, 109 So.2d 584 (Fla.3d DCA 1959), cert. dismissed sub nom. High v. Brasch, 114 So.2d 796 (Fla. 1959). However, it is also recognized that when an issue of jurisdiction over the party arises, the trial court should investigate and determine whether such jurisdiction has been lawfully acquired. Speight v. Horne, 101 Fla. 101, 133 So. 574 (1931). Because of the manner in which it was raised in this case, the jurisdictional issue should be determined at trial.
The court does not encourage delay in raising such issue for so long a period that the trial court is now obliged to make its determination at the time of trial, rather than by appropriate motion at the earliest practicable date in the case. In this instance the original complaint was filed on August 25, 1975, and the Amendment to Answer and Affirmative Defenses was served on September 9, 1977.
Affirmed and remanded for further proceedings consistent with the views expressed herein.
LETTS, C.J., and ANSTEAD, J., concur.
NOTES
[1] Appellants' argument that a class action is improper where the action is based upon alleged fraud against individual unit owners is not under consideration on this appeal. Their motion to dismiss the amended complaint was earlier denied by the trial court.