403 So.2d 476 (1981)
GULF OIL REALTY COMPANY, a Delaware Corporation, and Robert T. Craig, Petitioners,
v.
WINDHOVER ASSOCIATION, INC., a Florida Corporation, Respondent.
No. 81-508.
District Court of Appeal of Florida, Fifth District.
August 12, 1981.
Rehearing Denied September 14, 1981.
*477 David U. Strawn of Akerman, Senterfitt & Eidson, Orlando, for petitioners.
Kenneth M. Clayton of Clayton & Landis, Orlando, for respondent.
COWART, Judge.
Respondent, a condominium association, is plaintiff in a class action against petitioners instituted pursuant to Florida Rule of Civil Procedure 1.221. Petitioners filed a motion to require respondent to give notice to the condominium unit owners (members of the class) advising them of the litigation and of their right to exercise an option to not have their rights determined in this class action, their right to have an attorney of their choice to represent them and of their potential obligation to pay a share of any cost and attorney's fees which petitioner may recover in the class action. This petition for writ of certiorari is to review the trial court's denial of this motion.
In Avila South Condominium Association v. Kappa Corporation, 347 So.2d 599 (Fla. 1977), the Florida Supreme Court held that section 711.12(2), Florida Statutes (1975), and section 718.111(2), Florida Statutes (Supp. 1976), giving condominium associations the right to sue on behalf of unit owners, were unconstitutional encroachments into procedural matters as they related to class actions. However, the supreme court in that opinion summarily amended Florida Rules of Civil Procedure to adopt a Rule 1.220(b) [now Rule 1.221] giving condominium associations standing to bring class actions on behalf of individual condominium unit owners.
Petitioners present the following argument. Although Florida Rule of Civil Procedure 1.221 permits a condominium association to engage in class action litigation to recover benefits for condominium unit owners, it does not expressly require personal notice of the action be given to the unit owners. This presents two basic inequities. First, condominium unit owners, just like members of other class action litigation, have the right to have an attorney of their choice represent then and have an option to be dismissed from any litigation and thus not be bound by its result. Failure to require notice deprives the unit owners of these rights. Second, and realistically more important to petitioners' position, failure to require notice deprives the petitioners (defendants at trial) from recovering a potential judgment for costs if they are ultimately successful in defending at trial. A condominium association commonly has no assets available to satisfy a judgment against it and procedural due process prevents a valid personal money judgment from being obtained against unit owners in litigation in which they are not parties and are given neither personal notice or an opportunity to defend. Petitioners assert a procedure is basically unfair that permits the condominium association to institute class action litigation to endeavor to recover financial benefits for its condominium unit owners under circumstances where, if the litigation is unsuccessful and defendants are entitled to recover costs and attorney's fees, the association is financially irresponsible and no judgment can be recovered against the unit owners. Petitioners conclude that to remedy this situation this court should require the trial court to require the respondent condominium association to give notice to its unit owner members.
We understand and agree and sympathize with petitioners yet we must deny relief.
First, it is not the proper function of this court on certiorari to supervise the interlocutory orders of trial courts solely because the order is not otherwise reviewable pursuant to the appellate rules. The order must be a departure from the essential requirements of law. When the problem of notice to the condominium unit owners was presented to the Florida Supreme Court, the reply was
trial judges have in a number of instances since the adoption of the rule required notification to the putative class members after institution of suit to provide an opportunity for nonconsenting unit owners to "opt out" of the suit. This procedure is not inconsistent with Florida Rule of Civil Procedure 1.220(b).

*478 The Florida Bar, In re: Rule 1.220(b), 353 So.2d 95, 97 (Fla. 1977).
However the implication was only that trial courts do not err by requiring notice and the supreme court neither modified the rule to make notice mandatory nor held that trial courts err by not requiring notice to be given to unit members. See Palm Beach Towers, Inc. v. Korn, 400 So.2d 110 (Fla. 4th DCA 1981). Since notice is not mandatory, failure to require notice is not a departure from the essential requirements of law.
Second, when an appellate court reviews a lower court order, there is a procedural distinction between review by certiorari and review by appeal. On appeal, an appellate court has authority to reverse an order or judgment and remand with directions or instructions for the trial court to follow. However, after review by certiorari, an appellate court can only quash the lower court order; it has no authority to direct the lower court to enter contrary orders.[1] Petitioner is essentially asking this court to require notice be given. Therefore, even if certiorari were otherwise appropriate in the instant case, the remedy provided by certiorari would be inadequate.
Finally, the requiring of such notice as the petitioners desire is either a substantive matter, the proper subject matter of a statute enacted by the Legislature, or a procedural right, properly implemented by the Florida Supreme Court under its constitutional rule making power. This court has neither the legislative authority nor the rule making authority to modify Florida Rule of Civil Procedure 1.221 to provide the remedy which petitioners seek.
The petition for writ of certiorari is
DENIED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] We note that this distinction is not always followed. See generally Haddad, The Common Law Writ of Certiorari in Florida, 29 U.Fla.L. Rev. 207, 225 (1977).