698 F.2d 439
 31 Fair Empl.Prac.Cas. 11, 31 Empl. Prac.
Dec. P 33,350
Joseph C. LAWLER, Timothy Goggins, and Charles L. Bryant, on
behalf of themselves and other similarly situated,
Plaintiffs-Appellants,
v.
Clifford ALEXANDER, as head of the United States Department
of the Army, Defendant-Appellee.
 No. 81-7702.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 14, 1983.
 
 Vanzetta Penn Durant, Montgomery, Ala., Brent Simmons, Washington, D.C., for plaintiffs-appellants.
 Ann Robertson, Asst. U.S. Atty., Birmingham, Ala., Thomas J. Feeney, Headquarters, Dept. of Army, Washington, D.C., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before HILL and FAY, Circuit Judges, and MORGAN, Senior Circuit Judge.
 JAMES C. HILL, Circuit Judge:
 
 
 1
 This is an appeal from the decision of the district court entered in an employment discrimination class action. The trial court found against the appellants on the class and individual claims. For the reasons stated below we remand.
 
 
 2
 This action was originally filed on December 20, 1977, charging violation of Title VII of the Civil Rights Act, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. Sec. 2000e-16 (1976). On December 20, 1978, the case was certified as a class action on behalf of all black employees in competitive service positions at Ft. McClellan, Alabama, who, on or after November 3, 1976, were discriminatorily denied promotions. Defendants objected to the class and made a motion for decertification or, in the alternative, redefinition of the class. The court responded by limiting the class to all appropriated fund employees who, on or after November 3, 1976, "have failed to be selected for a position they were referred ... [or] have been misassigned by their supervisor ... or have been unsuccessful in their efforts to obtain a requested reclassification of their jobs." Record on Appeal at 134. This redefinition of the class considerably narrowed the potential plaintiffs and more importantly changed the substantive value of much of the evidence presented.
 
 
 3
 The limiting of the class to those employees who have been "referred" involves some explanation and background regarding Ft. McClellan's promotion practices. Ft. McClellan is a United States Army installation primarily engaged in the training of soldiers. The promotion process at Ft. McClellan begins when a position becomes vacant or is newly established.[1]
 
 
 4
 Initially, a description of the available position is compiled and circulated to all employees. The applicants are then given performance analyses and appraisals. The civilian personnel office reviews the applications and eliminates those candidates who are not minimally qualified. The remaining qualified candidates are further evaluated on their performance by reviewing their experience, education, and other relevant criteria. The applicants are then assigned points on a scale from 1-100. After all points are assigned, the "best qualified" top ranking candidates are "referred" to the selecting official. This usually encompasses the top 4 or 5 candidates. It is only these top 4 or 5 "referred" candidates who comprise the class membership under the trial court's redefinition of the class. The selecting official chooses the candidate for the job and fills out a form indicating his or her choice and the reasons for that choice.[2]
 
 I.
 
 5
 The first issue raised upon appeal is the redefinition of the class, limiting the class to only those candidates who had been "referred." This removed from the class all persons who had applied for promotion, but whom, after being ranked, failed to be among the top five candidates.
 
 
 6
 While no specific objection to the definition of the class was made, it is clear from the record that the class plaintiffs urged the court to consider all those applicants who were encompassed in the original class designation. The plaintiffs, in their second set of interrogatories, which were developed after the redefinition of the class order, requested data and information pertaining to Ft. McClellan's promotion practices at the pre-referral stage. Defendant's response to this request was that any information regarding practices at pre-referral stage was irrelevant and beyond the scope of the litigation of the case. Plaintiffs responded with a Motion to Compel and a conference was held with the court. The trial judge concluded that this information was relevant and that defendants must respond to the interrogatories. Plaintiffs' Motion to Compel and the subsequent conference demonstrate plaintiffs' objections to the redefinition of the class. We conclude that plaintiffs' actions sufficiently called to the district court's attention their opposition to the redefinition order limiting the class. In light of our recent holding in Roofing & Sheet Metal Service, Inc. v. La Quinta Motor Inns, Inc., 689 F.2d 982 at 989-990 (11th Cir.1982), we conclude that the objection to the class redefinition is properly before us on appeal.
 
 
 7
 While this reading of the record persuades us that the point was made and the issue preserved, it was done in a most oblique manner. The trial judge is entitled to a direct, focused presentation of a litigant's position lest it appear that there is no objection to what has taken place. The position of appellants vis-a-vis the redefinition of the class is found here in reflections from their positions on the discovery sought and claims of relevancy of it. We do not commend the presentation of this issue to the trial judge by counsel for appellants; contentions concealed from the court may be overlooked by us all.
 
 II.
 
 8
 Plaintiffs objected to the redefinition of the class because it excluded all blacks who applied for promotion and may have been discriminatorily evaluated, rated and ranked at the pre-referral stage of the promotion process. The general rule is that a district court's class certification order is final "unless there [has been] an abuse of discretion, or the court has applied impermissible legal criteria or standards." Carey v. Greyhound Bus Co., 500 F.2d 1372, 1380 (5th Cir.1974). The limiting of this class foreclosed plaintiffs from proving if there was any broad based policies of discrimination, which was the basis of their original complaint.
 
 
 9
 Ft. McClellan's promotion process involves a two-step procedure. Step I involves rating and ranking all applicants for a given position. During this process many candidates are eliminated resulting in approximately five candidates who are "referred." Step II of the process then narrows down the five candidates to the one that is promoted to the position. We find nothing discriminatory with this two step procedure. However, to evaluate whether any discrimination has occurred within this promotion procedure both steps of the process and all applicants who might have been affected must be examined.
 
 
 10
 The district court properly admitted some circumstantial evidence regarding the entire promotion process. However, by limiting the membership of the class to only those applicants belonging to Step II, the court was rendered powerless to grant relief, if it had found any impermissible discrimination, to those applicants in Step I who never made it to Step II.
 
 
 11
 We, therefore, remand this case to the district court to define the class to encompass all black applicants who may have been affected by any discriminatory practices in the entire promotion process. We note that because the court accepted evidence regarding the entire promotion process it may be that the findings now needed can be derived from the present evidence before the court. However, we also note that because the class is now broader, by definition, the parties may need to supplement the record. We express no view on this other than that the initial error in limiting the class ought not to deny either party the chance to present relevant new evidence.
 
 
 12
 Because we are remanding the case based on the redefinition of the class, we do not reach the merits of this case and accordingly, we express no view on whether there was any discrimination against the class.
 
 
 13
 VACATED and REMANDED.
 
 
 
 [1]
 For positions which are to be filled by federal civilian employees there are guidelines which have been promulgated in Chapter 335 of the Federal Personnel Manual issued by the Office of Personnel Management. Ft. McClellan regulation 690-6 governs promotions under the Ft. McClellan Merit Promotion program, which incorporates the guidelines set out in Chapter 335. Regulation 690-6 incorporates and specifies a set of criteria which guides the staffing specialists and rating and ranking panels in evaluating and ranking candidates for promotion
 
 
 [2]
 In addition to merit promotions, certain promotions can be made on a non-competitive basis. For example, career promotions can occur when a previously selected competitive career intern is promoted through an upgrade of the position he or she presently occupies. Civil Service regulations also require non-competitive promotions for all other incumbent employees who meet the qualification requirement for an upgraded position, resulting from job evaluation or the assumption of additional duties at a higher grade level