BERANEK, Judge.
This is an appeal from a stipulated order of dismissal with prejudice after settlement in a class action brought by a condominium association. Subsequent to the order of dismissal, appellant, a single individual unit owner, sought to intervene in the suit. The trial court denied the motion to intervene and appellant seeks to overturn the order of dismissal which was stipulated to by counsel for the condominium association and defense counsel. The class action here was governed by Rule of Civil Procedure 1.221, which became effective January 1, 1981. See The Florida Bar. In re Rules of Civil Procedure, 391 So.2d 165 (Fla.1980).
Basically, appellant argues he was not adequately represented by the condominium association in the litigation and that the association did not give formal notice of its intent to settle the case. Appellant does not assert that he was unaware of the settlement nor does he contend that he did not attend the meeting of the association at which the question was voted on. His basic position is that he simply does not like the settlement.
A brief history is appropriate. This class action was initially filed by the condominium association on behalf of all the unit owners against the developer of the build *617 ing. The complaint alleged construction defects in the common elements. While the matter was pending, a group of disgruntled residents called a meeting and after various attempts, were finally successful in ousting the “old” board of directors and electing a “new” board. The controversy over the old and the new board related to dissatisfaction with the manner in which the litigation was being handled. The question of which board was the proper governing body of the association was presented to the trial court in the class action. The court ruled that the “new” board was properly elected and that the “old” board was without power to act in the matter. This legal ruling has not been attacked by anyone on this appeal. The new board hired new lawyers and eventually decided to settle the lawsuit. A formal stipulation of counsel for all parties resulted in the order being appealed.
Appellant contends the dismissal was invalid because the association did not give formal notice of its intent to settle. The argument is that “common law” and the combined effect of Rules of Civil Procedure 1.220 and 1.221 require notice to all members of the condominium association of settlement. We do not view the question as controlled by appellant’s concept of “common law.” As to the Rules of Procedure, it appears Rule 1.220 applies to litigants other than condominium associations and that Rule 1.221 applies only to such associations. While it is true that Rule 1.220(e) requires notice to all class members of a settlement the appellant’s argument totally disregards the last sentence of Rule 1.221 which states that “an action under this rule [1.221] shall not be subject to the requirements of Rule 1.220.” The question of initial notice to condominium owners of a class action was addressed by this court in Palm Beach Towers, Inc. v. Korn, 400 So.2d 110 (Fla. 4th DCA 1981), where at 111 the court stated as follows:
Two issues raised by appellants require consideration. The first is notice to the members of the class. Upon remand the trial court may order appellees to provide notice to all members of the class in order that each nonconsenting member may have the opportunity to “opt out” of the suit. The Florida Bar, 353 So.2d 95 (Fla.1977). However, such notice is not necessary to satisfy procedural due process. Scott v. Walker, 378 So.2d 828 (Fla. 2d DCA 1979).
We need not even rely upon Korn since we are now involved with notice of settlement rather than notice of suit. Also, see Gulf Oil Realty Company v. Windhover Association, 403 So.2d 476 (Fla. 5th DCA 1981).
The Florida Supreme Court has twice addressed the question of the pleading and procedural requirements surrounding condominium associations in class actions. In The Florida Bar. In re Rule 1.220(b), Florida Rules of Civil Procedure (Petition to Modify), 353 So.2d 95 (Fla.1977), the Court considered a request by the Bar Rules Committee to abolish Rule 1.220(b), the predecessor of the present Rule 1.221. The Rules of Civil Procedure Committee took the position that the specialized rule on condominium associations was unnecessary in view of the general class action rule governing all other litigants. The petition to abolish the specific condominium class action rule was opposed by the Consumer Protection Law Committee of The Florida Bar, which was the respondent in the proceeding. In upholding the need for a specialized condominium association rule, the Court stated as follows at page 97:
Respondent’s position essentially is that the elements traditionally required to establish the efficacy of a class are inherent in a condominium association relationship making pleading and proof of such elements . unnecessary and burdensome. This position is reinforced by the argument that individual association members are protected from capricious or arbitrary class actions by the governing authority of the association through provisions of Chapter 718, Florida Statutes (Supp.1976), as well as decisions which impose a fiduciary duty upon the governing body of such associations to afford due process and equal protection to its members. [Citations omitted.]
*618 We concur with the respondent. As was articulated in Avila [South Condominium Ass’n, Inc. v. Kappa Corp., 347 So.2d 599 (Fla.1977) ], supra, “the peculiar features of condominium development, ownership, and operation indicate the wisdom of providing a procedural vehicle for settlement of disputes affecting condominium owners concerning matters of common interest.”
In adopting the specialized Rule 1.221 for condominiums the Supreme Court relieved the Associations of the somewhat onerous burdens of the general class action rule but at the same time did not impose the safeguards contained in 1.220(e) governing settlements.
The Florida Supreme Court again considered a proposed amendment in the condominium class action area and rejected it in 1980 in The Florida Bar. In re Rules of Civil Procedure, 391 So.2d 165 (Fla.1980). The Court stated at page 165:
Rule 1.221 (condominium association as a party). Proposed Rule 1.221 was rejected for the reasons expressed in Avila South Condominium Ass’n, Inc. v. Kappa Corp., 347 So.2d 599 (Fla.1977), and The Florida Bar, In re Rule 1.220(b), Florida Rules of Civil Procedure, 353 So.2d 95 (Fla.1977). In short, a condominium association is a unique entity formed and operated to advance the common interests of the unit owners. The procedural requirements of the proposed rule are more appropriately considered as political matters to be addressed within the organizational and political framework of the association.
The proposed rule which was rejected contained additional procedural requirements which the court found to be inappropriate as applicable to condominium associations.
In view of the above, we will not adopt the position taken by appellant which would require us to combine all of the procedural requirements within Rules 1.220 and 1.221. To do so would be in direct contravention of the clear dictates of our Supreme Court. In class actions relating to matters of common interest in common elements a condominium association is a proper class representative. The detailed procedural requirements of Rule 1.220 simply do not apply to such associations and there is thus no specific rule requirement that the court approve the settlement or that formal notice be given to all members of the class. Condominium associations are special creatures of statute (Ch. 718, Florida Statutes) and are awarded a special position of recognition in the Rules of Civil Procedure. The order of the trial court dismissing the class action with prejudice based upon a settlement is hereby affirmed.
AFFIRMED.
LETTS, C.J., and DELL, J., concur.