841 F.2d 376
 Sonia CRUM and Brenda Thomas, individually and on behalf of
all persons similarly situated, Plaintiffs-Appellants,
v.
The HOUSING AUTHORITY OF the CITY OF TAMPA, FLORIDA, an
unincorporated association, Defendant,
and
Samuel Pierce, Secretary of United States Department of
Housing & Urban Development, Defendant-Appellee.
 No. 87-3068.
 United States Court of Appeals,
Eleventh Circuit.
 March 28, 1988.
 
 C. Martin Lawyer, III, Bay Area Legal Services, Inc., Tampa, Fla., for plaintiffs-appellants.
 Virginia Covington and Dennis I. Moore, Asst. U.S. Attys., Tampa, Fla., Michael T. Robinson, Washington, D.C., for defendant-appellee.
 Appeal from the United States District Court for the Middle District of Florida.
 Before VANCE and ANDERSON, Circuit Judges, and BROWN*, Senior Circuit Judge.
 VANCE, Circuit Judge:
 
 
 1
 This is an appeal of a district court's dismissal of a class action as moot. Appellants argue that the district court improperly certified the class, and that had the court properly certified the class, the class claims would not be moot. We find that appellants did not object to the district court's definition of the class and therefore they cannot now claim that the district court abused its discretion in certifying a smaller class than they requested. Because the claims of all individuals in the class certified by the district court are moot, we affirm the district court's judgment.
 
 I.
 
 2
 The original named plaintiffs, Sonia Crum and Brenda Thomas, were two very low income applicants for subsidized housing. On March 22, 1983 they filed suit against the Housing Authority of the City of Tampa, alleging that the Housing Authority had denied them housing based on a practice of not renting public housing units to applicants with no income.[1] They also named the Secretary of the United States Department of Housing and Urban Development (HUD) as a defendant, charging the agency with failing to promulgate regulations under 42 U.S.C. Sec. 1437n. The plaintiffs filed a motion to certify the class on March 1, 1984.
 
 
 3
 In May, 1984 HUD issued regulations implementing 42 U.S.C. Sec. 1437n. See 24 C.F.R. Secs. 913.103-.105. The plaintiffs responded on December 19, 1984 by filing a motion for leave to amend and a proposed second amended complaint challenging the substance of the new regulations as contrary to the statute.[2] On October 11, 1985 the district court entered an order granting plaintiffs leave to file the second amended complaint.
 
 
 4
 The two class action complaints described the putative class differently. The original complaint described the members of the class as:
 
 
 5
 those persons in Hillsborough County, Florida who have sought application for admission to lower income housing from the Defendant Housing Authority within one year preceding the filing of this law suit and who had no income at the time they made their applications and were either discouraged by Defendant Housing Authority from making a formal application or whose applications were not acted upon by the Defendant Housing Authority so long as such persons had no income.
 
 
 6
 (emphasis added). The second amended complaint defined the class members as:
 
 
 7
 those persons in or near Hillsborough County, Florida who have sought (or will seek ) application for admission to lower income housing from the Housing Authority following one year prior to the filing of this lawsuit and whose family incomes at the time they made their applications were (or will be ) below 50% of the area median income, but whose admission was, is or will be delayed or prevented because other applicants with family incomes higher than 50% of the area median income were admitted ahead of Plaintiffs in violation of 42 U.S.C. Sec. 1437n....
 
 
 8
 (emphasis added).
 
 
 9
 The district court did not certify the class until April 2, 1986. The district court's order granting certification of the class action contained language nearly identical to the definition of the class in the original complaint. The order defined the class to include persons who had applied for admission to lower income housing within one year proceeding the filing of the second amended complaint, but not those who might be denied admission in the future.[3] Two weeks later HUD moved for reconsideration of the certification order, alleging that there was no case or controversy between the plaintiffs and the agency. On August 15, 1986 HUD moved for summary judgment, in part on mootness grounds. On December 3, 1986 the district court dismissed the case against HUD, ruling that the claims of the named plaintiffs, as well as the claims of the members of the certified class, were all moot. Appellants appeal that dismissal.
 
 II.
 
 10
 Although the district court allowed appellants to file a second amended complaint which described the class as those persons "who have sought (or will seek ) application for admission," the district court in its class certification order limited the class to those persons "who have sought application for admission to lower income housing ... within one year proceeding the filing of the second amended complaint...." (emphasis added). Appellants argue that the district court abused its discretion in failing to define the class to include those very low income persons who will seek (and be denied) admission to low income housing in the future.
 
 
 11
 A district court's class certification order will not be reversed unless the court abused its discretion or applied impermissible legal criteria or standards. See Walker v. Jim Dandy Co., 747 F.2d 1360, 1363 (11th Cir.1984); Lawler v. Alexander, 698 F.2d 439, 441 (11th Cir.1983); Bailey v. Ryan Stevedoring Co., Inc., 528 F.2d 551, 553 (5th Cir.1976), cert. denied, 429 U.S. 1052, 97 S.Ct. 767, 50 L.Ed.2d 769 (1977). "A district court's determination of existence of a proper class, at least with respect to size, is considered final unless abuse is shown." Carey v. Greyhound Bus Co., Inc., 500 F.2d 1372, 1380 (5th Cir.1974); see Mattern v. Weinberger, 519 F.2d 150, 158-59 (3rd Cir.1975), vacated on other grounds 425 U.S. 987, 96 S.Ct. 2196, 48 L.Ed.2d 812 (1976); cf. Califano v. Yamasaki, 442 U.S. 682, 703, 99 S.Ct. 2545, 2558, 61 L.Ed.2d 176 (1979) (abuse of discretion standard of review applies to most issues arising under Rule 23).
 
 
 12
 Appellants argue that the district court abused its discretion by limiting the temperal scope and size of the class to individuals who had applied to the Housing Authority for low income housing within one year preceding the filing of the second amended complaint. Citing this court's decision in Lawler, appellants argue that by so limiting the class the district court impermissibly foreclosed appellants from proving the basis of their complaint. See Lawler, 698 F.2d at 441-42.
 
 
 13
 We reject appellants' argument because they failed to object to the district court's description of the class size. Appellants never objected to the district court's decision to exclude from the class all future low income persons who will seek admission to the Housing Authority's low income housing. Appellants failed to bring this issue to the attention of the district court even when opposing HUD's motion for reconsideration of the certification order and cross-motion for summary judgment.[4] "We do not ... judge the propriety of a class certification by hindsight," General Telephone Co. of the Southwest v. Falcon, 457 U.S. 147, 160, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982), and we are reluctant to find reversible error where the plaintiffs fail to complain in the district court. See also Mattern, 519 F.2d at 158-59 (where appellant made no motion in district court based on Fed.R.Civ.P. 23(a) to limit the size of the class, certification order was within the discretion of the district court and therefore affirmed).
 
 
 14
 Although the plaintiffs in Lawler made no specific objection to the definition of the class, the plaintiffs in that case made it clear to the district court that they considered the class to be all those persons encompassed in the original class designation. Lawler, 698 F.2d at 441. The Lawler plaintiffs, even after the district court had narrowed the class, requested data and information concerning all of the original class members in a set of interrogatories. The district court later granted the Lawler plaintiffs' motion to compel answers to these interrogatories. The Lawler court held:
 
 
 15
 Plaintiffs' Motion to Compel and the subsequent conference demonstrate plaintiffs' objections to the redefinition of the class. We conclude that plaintiffs' actions sufficiently called to the district court's attention their opposition to the redefinition order limiting the class.
 
 
 16
 Id.
 
 
 17
 By contrast, the plaintiffs in this case responded to the district court's certification order with silence and acquiescence. There is no evidence in the record that appellants made any objection or filed a motion for reconsideration of the certification ruling. The Lawler court, though overlooking the lack of a specific objection on the part of the plaintiffs, specifically noted: "We do not commend the presentation of this issue to the trial judge by counsel for appellants...." Id. Because appellants in this case were even more lax in objecting to the district court's certification of the class, we cannot overlook their failure to do so.
 
 
 18
 We will consider, of course, an issue not raised in the district court if it involves a pure question of law and if refusal to consider the issue would result in a miscarriage of justice. Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc., 689 F.2d 982, 989-90 (11th Cir.1982). Because appellants concede that the claims of all members of the certified class have become moot, either because the class members have obtained housing or have moved out of Hillsborough County, refusing to consider whether the district court abused its discretion will not result in a miscarriage of justice. The "ends of justice" will best be served for any persons who may have been illegally denied housing on or after the filing of the second amended complaint by instituting a new action.
 
 III.
 
 19
 The parties agree that the claims of all members of the certified class, as well as the named plaintiffs, are moot. Appellants presented no legal or factual contentions to the contrary, and the district court granted defendants' motion for summary judgment on this ground.[5] The district court's judgment is therefore
 
 
 20
 AFFIRMED.
 
 
 
 *
 Honorable John R. Brown, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 [1]
 The district court dismissed the Housing Authority from this action on October 25, 1984 in an order approving a settlement between the plaintiffs and the Housing Authority
 
 
 [2]
 The plaintiffs alleged that the regulations do not require the Housing Authority to target certain vacant apartments for very low income families in accordance with the statutory percentages. Although the regulations refer to compliance with HUD prescribed reporting requirements, see 24 C.F.R. Sec. 913.104(b), the plaintiffs alleged that HUD has not received any reliable reports since 1981
 
 
 [3]
 The district court therefore defined the class as those very low income applicants who had applied to the Housing Authority for housing between December 19, 1983 and December 19, 1984, the date on which the plaintiffs filed their second amended complaint. Any very low income individuals who applied for housing anytime after December 19, 1984 were not included in the class certified by the district court
 
 
 [4]
 On April 11, 1986, nine days after the district court certified the class, HUD moved to reconsider the certification order. Appellants responded on April 18. In their memorandum in opposition to HUD's motion to reconsider the certification order, appellants urged the court to make two minor changes in the language of the order. They did not suggest any changes in the language defining the class
 On August 15, 1986 HUD filed a cross-motion for summary judgment, specifically alleging for the first time that even "assuming class certification was proper, every class member's claim has become moot, because all eligible class members have already been offered housing." HUD supported this contention with the declaration of an official of the Housing Authority of the City of Tampa. In their September 5 response, appellants erroneously dismissed this argument as "merely an attempt to re-argue the issue already decided by [the] Court in its Order of April 2, 1986 granting class certification." The district court correctly noted that the plaintiffs never attempted to refute HUD's argument that the claims of the entire certified class were moot.
 
 
 [5]
 There may be even more mootness at the heart of this case. Appellees argue that the claims of the named plaintiffs were moot at the moment the district court ruled on class certification, thus requiring dismissal for lack of standing. See Tucker v. Phyfer, 819 F.2d 1030, 1035 (11th Cir.1987); see also Walker v. Jim Dandy Co., 97 F.R.D. 505, 512 (N.D.Ala.1983) ("Lawler did not involve a review of the adequacy of the class representatives where the would-be representatives have no viable claims themselves"), aff'd in part and rev'd in part, 747 F.2d 1360 (11th Cir.1984). Because appellants sued for injunctive and declaratory relief, the mootness of the named plaintiffs' claims would have required the district court to dismiss the case for lack of jurisdiction. Had appellants requested damages in their complaint, the district court may have retained jurisdiction. Compare Tucker v. Phyfer, 819 F.2d at 1035 & n. 7 (district court required to dismiss notwithstanding named plaintiff's live claim for money damages) with McKinnon v. Talladega County, 745 F.2d 1360, 1364 (11th Cir.1984) (mootness of named plaintiff's prayer for equitable relief does not automatically bar him from being the representative in a class action for damages and equitable relief). Because we affirm the district court's dismissal on the grounds that the claims of all members of the class were moot, we need not reach the jurisdictional issue with respect to the named plaintiffs' claims