STONE, Judge.
We affirm the dismissal of consolidated cases filed by the county to collect unpaid impact fees. In 1979 a class action, Homebuilders and Contractors Assoc., Inc. et al. v. Board of County Commissioners, was brought seeking the refund of impact fees and to have the county impact fee ordinance declared unconstitutional. A temporary injunction was entered in that case restraining the county from further collection of the fees prior to final judgment. The class certification order in that case specifically mandated that notice of the action be furnished by certified mail to every present and future member of the class. In 1982, a final judgment was entered upholding the ordinance. At that time the temporary injunction ended and the county was free to collect all fees notwithstanding .subsequent appeals. But no effort was made by the county to collect fees for permits issued between November 1979 and March 1982. Rather, four years, to the day, after the final class action judgment, these suits were instituted to collect the past due fees. We note that some of the appellees’ building permits were pulled before the class action was filed and some after. We also note that the county had up to a year following the final judgment to file its claims.
The trial court in each of these cases determined that the four year statute of limitations was not tolled by the temporary injunction as to persons who were not members of the class and who had not received notice of the class action. An evidentiary hearing was then conducted in these cases to factually determine the notice issues. The trial court found that these appellees did not receive notice in the class action. That finding is not disputed by the county in this appeal. Rather, the county asserts that the tolling of the statute of limitations, during the term of the temporary injunction in the earlier case, is res judicata as to all potential class members even if unnamed and without notice in the class action notwithstanding the explicit order of the trial court in that case requiring that notice be given.
Following the evidentiary hearing separate orders were entered dismissing each of the consolidated cases because the four year statute of limitations was not tolled by the temporary injunction.[1]
The county asserts that procedural due process does not always require individual *888 notice to members of a class. See Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940); Scott v. Walker, 378 So.2d 828 (Fla. 2d DCA 1979). However, in Frankel v. City of Miami Beach, 340 So.2d 463 (Fla.1976), our supreme court noted that due process in class actions requires notice to all class members who are identifiable through reasonable efforts. And in Ves Carpenter Contractors, Inc. v. City of Dania, 422 So.2d 342 (Fla. 4th DCA 1982), this court held that due process requires reasonable notice to class members, citing Frankel. See also Hastings-Murtagh v. Texas Air Corp., 119 F.R.D. 450 (S.D.Fla.1988).
The county takes issue with the broad interpretation given to the wording in Frankel. It argues that the Frankel language was based on a misconstruction of language in Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). See Scott v. Walker. Cf. Palm Beach Towers, Inc. v. Korn, 400 So.2d 110 (Fla. 4th DCA 1981). However, we need not resolve this apparent conflict, as in this case the issue is, more narrowly, whether the temporary injunction in the class action tolled the statute of limitations for filing suit on claims against potential members of the class who were without notice.[2]
We conclude that the temporary injunction in the class action did not toll the statute of limitations as to the county’s claims against the appellees. Frankel v. City of Miami Beach; Ves Carpenter Contractors, Inc. v. City of Dania. We find the other issues raised by appellant to be without merit, and affirm as to all appel-lees.
Additionally, we note that the appellees also contend that the statute of limitations was in any event not tolled by the temporary injunction because Florida Statute Section 95.051 provides, by its terms, the exclusive instances for tolling its running. See Swartzman v. Harlan, 535 So.2d 605 (Fla. 2d DCA 1988), rev. denied, Scrub-A-Dub, Inc. v. Swartzman, 542 So.2d 1334 (Fla.1989). However, having determined that notice was required, we do not deem it necessary to determine whether the order of the trial court may also be affirmed on that basis.
HERSEY, C.J., and WARNER, J., concur.

. We note that several grounds were asserted for the various motions to dismiss and that we must affirm if any grounds support the court order. Additionally, the county does not contest the procedure followed by the trial court in resolving this issue. We also note that some of the motions asserted a laches defense as the county waited four years, to the day, from the final judgment in the class action to assert these claims and waited another six months to attempt service. However, it does not appear that the trial court addressed the laches issue.

. The present Florida Rule of Civil Procedure 1.220 was adopted January 1981, after certification of the class in Home Builders.