805 So.2d 928 (2001)
MARCO ISLAND CIVIC ASSOCIATION, INC., a Florida not for profit corporation and Sally Bhavnani, and the class she represents, Appellants,
v.
Luc Christian MAZZINI, Appellee.
Nos. 2D00-2331, 2D00-2845.
District Court of Appeal of Florida, Second District.
October 31, 2001.
*929 Jeffrey D. Fridkin, Jacqueline J. Buyze, and D. Keith Wickenden of Grant, Fridkin, Pearson, Athan & Crown, P.A., Naples, for Appellant Marco Island Civic Association.
Sally Bhavnani, pro se.
Michael R.N. McDonnell and Gary L. Green of McDonnell Green Trial Lawyers, Naples, for Appellee.
STRINGER, Judge.
Appellants, Marco Island Civic Association (MICA) and Sally Bhavnani, challenge a nonfinal order designating Mrs. Bhavnani as the defendant class representative in this action for a declaratory judgment. Appellee, Dr. Luc Mazzini, wishes to erect a medical arts building on property located in the Marco Beach subdivision and seeks a declaratory judgment allowing him to do so free of deed restrictions which prohibit the construction of any structure other than a detached single family dwelling. Dr. Mazzini's complaint describes the defendant class as the subdivision residents who "enjoy the rights and privileges created by the subject deed restrictions." The trial court granted Dr. Mazzini's motion to *930 determine class representation and entered an order designating Mrs. Bhavnani the defendant class representative. MICA and Mrs. Bhavnani contend the trial court erred in determining that she can fairly and adequately protect and represent the interests of other members of the class. We agree and reverse.
Florida Rule of Civil Procedure 1.220(a) provides that before a claim or, as in this case, a defense can be maintained on behalf of a class, the court must first determine that (1) the members of the class are so numerous that separate joinder of each member is impracticable, (2) the case raises questions of law or fact common to each member of the class, (3) the defense of the representative party is typical of the defense of each member of the class, and (4) the representative party can fairly and adequately protect and represent the interests of other members of the class. These requirements are commonly referred to as the numerosity, commonality, typicality, and adequacy of representation elements of class certification. Estate of Bobinger v. Deltona Corp., 563 So.2d 739, 742 (Fla. 2d DCA 1990).
The party moving to certify a class has the burden of establishing the propriety of a class action suit. Courtesy Auto Group, Inc. v. Garcia, 778 So.2d 1000 (Fla. 5th DCA 2000); Rutstein v. Avis Rent-A-Car Sys., Inc., 211 F.3d 1228, 1233 (11th Cir.2000), cert. denied sub nom., Zeirei Agudath Israel Bookstore v. Avis Rent-A-Car Sys., Inc., 532 U.S. 919, 121 S.Ct. 1354, 149 L.Ed.2d 285 (2001). The adequacy of class representation is a factual issue within the discretion of the trial court, and the court's determination will not be disturbed on appeal absent a showing of a clear abuse of discretion. Adiel v. Elec. Fin. Sys., Inc., 513 So.2d 1347 (Fla. 3d DCA 1987); Crum v. Hous. Auth. of Tampa, Fla., 841 F.2d 376, 378 (11th Cir.1988). In the present case, the trial court determined that a class exists under rule 1.220(b)(3) and that Mrs. Bhavnani will fairly and adequately represent the class. MICA concedes that this action comports with the first three requirements of rule 1.220(a) but argues that Dr. Mazzini failed to establish that Mrs. Bhavnani will adequately represent the defendant property owners.
At the hearing on Dr. Mazzini's motion to determine class representation, counsel for MICA argued that an evidentiary hearing would be necessary before the court could determine whether Dr. Mazzini's claim satisfies the requirements of rule 1.220. MICA relied on this court's decision in Barton-Malow Co. v. Bauer, 627 So.2d 1233, 1235 (Fla. 2d DCA 1993), wherein we held that there must be an evidentiary basis to support an order certifying a class when the moving party contests class certification and when it is not clear from the pleadings that a class action, or in this case the proposed class representative, will provide for the fair and efficient adjudication of the controversy. Dr. Mazzini had the burden of establishing that Mrs. Bhavnani can fairly and adequately protect the interests of her neighbors. Based on this record, we conclude that he failed to satisfy this burden of proof.
The complaint in this case was not verified, and the motion to determine class representation was not accompanied by affidavits alleging facts which would establish that Mrs. Bhavnani can fairly and adequately represent this defendant class. Further, Dr. Mazzini presented no evidence at the hearing in this case. The trial court's decision to certify the class and designate Mrs. Bhavnani as the class representative seems to be based largely on the argument of Dr. Mazzini's attorney. There is simply no evidence in the record *931 to support the court's order, other than counsel's unsworn argument asserting that the court can "presume that she will defend her suit appropriately." Indeed, the facts as stipulated by the parties establish that Mrs. Bhavnani is proceeding pro se and would not be represented by legal counsel. In the absence of legal representation, we conclude the trial court abused its discretion by concluding that Mrs. Bhavnani will fairly and adequately represent the class. Moreover, the trial court erred, as a matter of law, in determining that class representation by this pro se defendant is superior to other available methods for adjudicating the issues presented in Dr. Mazzini's complaint. See Fla. R. Civ. P. 1.220(b)(3).
Mrs. Bhavnani certainly cannot adequately defend the rights and interests of the remaining property owners without legal representation. Allowing her to proceed pro se would violate the due process rights of every other member of the class. Dr. Mazzini argues that the order does not implicate due process rights because each member has already been given notice and an opportunity to intervene. However, the notice requirements of rule 1.220 only come into play once the requirements of instituting a class action have been satisfied. These requirements are conditions precedent to maintaining a class action. We are also not persuaded by Dr. Mazzini's notice argument because, in the context of class actions, due process does not require that notice be given to all class members but instead requires that the class representative adequately represent the interests of the other class members. Scott v. Walker, 378 So.2d 828, 829 (Fla. 2d DCA 1979); see also Paulino v. Hardister, 306 So.2d 125 (Fla. 2d DCA 1975). Thus, by establishing that Mrs. Bhavnani is proceeding without legal counsel, the record on its face demonstrates that the due process rights of the remaining class members would be violated if the action was permitted to proceed with Mrs. Bhavnani as the defendant class representative.
Dr. Mazzini also argues that Mrs. Bhavnani is capable of representing herself and her fellow property owners, pro se, based on her participation in a prior action to quash amendments to the deed restrictions. However, in that case she was represented by MICA's counsel. She was not pro se. Here, Dr. Mazzini seeks to have Mrs. Bhavnani mount a defense on behalf of her fellow property owners, not on MICA's behalf. We suspect that Dr. Mazzini specifically excluded MICA as a potential class representative because MICA is in a superior position to defend against the suit and would be a more formidable opponent than any of the residents. Finally, Dr. Mazzini argues that Mrs. Bhavnani should not be permitted to decline designation as class representative because such a ruling would allow every member of a defendant class to avoid being named class representative. However, our ruling is not premised on Mrs. Bhavnani's unwillingness to represent the class but on her obvious inability to do so.
For the foregoing reasons, the trial court's order determining that this cause may proceed as a class action is reversed.
Reversed.
ALTENBERND, A.C.J., and SALCINES, J., Concur.