911 So.2d 881 (2005)
PINELLAS COUNTY SCHOOL BOARD; Nancy Bostock, in her official capacity as a member of and as Chairperson of the Pinellas County School Board; Carol Cook, in her official capacity as a member of and as Vice Chairperson of the Pinellas County School Board; Mary Brown, Janet Clark, Jane Gallucci, Linda Lerner, and Mary L. Russell, all in their official capacities as members of the Pinellas County School Board; and Dr. Clayton Wilcox, in his official capacity as Pinellas County Schools Superintendent, Appellants,
v.
William CROWLEY, by and for his minor son, Akwete Osoka, and on behalf of all others similarly situated, Appellees.
No. 2D04-3428.
District Court of Appeal of Florida, Second District.
September 28, 2005.
*882 Hala Sandridge and Charles A. Wachter of Fowler White Boggs Banker, P.A., Tampa; Charles W. Hall and William A. Kebler of Fowler White Boggs Banker, P.A., St. Petersburg; and John W. Bowen, Largo, for Appellants.
Guy M. Burns, Audrey B. Rauchway, and Jonathan S. Coleman of Johnson, Pope, Bokor, Ruppel & Burns, LLP, Tampa, for Appellees.
WALLACE, Judge.
The Pinellas County School Board challenges a nonfinal order certifying a class defined as "[a]ll Pinellas County Students of Black descent, who are, or may in the future be, attending public elementary, middle or high schools." The class representatives' complaint alleged claims of racial discrimination in the Pinellas County school system and sought declaratory and equitable relief under article IX, section 1, of the Florida Constitution  the public education provision; the equal protection clause of article I, section 2 of the Florida Constitution; and section 228.2001(2)(a), Florida Statutes (2000),[1] a part of the Florida Educational Equity Act. On appeal, the School Board makes two arguments. First, the School Board asserts that the class representatives have no standing to bring their lawsuit. Second, the School Board maintains that the trial court abused its discretion in ruling that the class representatives met the "commonality" and "typicality" requirements of rule 1.220(a), Florida Rules of Civil Procedure. We affirm. We will briefly address each of the School Board's arguments.
The School Board's argument based on the class representatives' asserted lack of standing actually addresses the issue of whether the class representatives' complaint stated a cause of action. This issue is not properly before us, and we express no opinion on it. Our jurisdiction in this nonfinal appeal is limited to the review of the propriety of the order of class certification. Fla. R.App. P. 9.130(a)(3)(C)(vi); see also Samples v. Hernando Taxpayers Ass'n, 682 So.2d 184, 185 (Fla. 5th DCA 1996).
A "determination that a case meets the requirements of a class action is. . . within the trial court's discretion and will be reversed on appeal only if an abuse of discretion is shown." Bouchard Transp. Co. v. Updegraff, 807 So.2d 768, 771 (Fla. 2d DCA 2002) (citing Marco Island Civic Ass'n v. Mazzini, 805 So.2d 928 (Fla. 2d DCA 2001)). In this case, the trial court entered a thoughtful and comprehensive order with detailed findings of fact concerning each of the prerequisites for class certification, including commonality and typicality. After a careful review of the record, we are unable to conclude that the trial court abused its considerable discretion in deciding to certify the class. We also note that from the landmark decision in Brown v. Board of Education[2] to *883 the present, courts have generally allowed claims such as the ones presented by the class representatives involving allegations of racial discrimination in the public schools to proceed as class actions. See, e.g., Gratz v. Bollinger, 539 U.S. 244, 123 S.Ct. 2411, 156 L.Ed.2d 257 (2003); Freeman v. Pitts, 503 U.S. 467, 112 S.Ct. 1430, 118 L.Ed.2d 108 (1992); Raney v. Bd. of Educ. of Gould Sch. Dist., 391 U.S. 443, 88 S.Ct. 1697, 20 L.Ed.2d 727 (1968); Mannings v. Bd. of Pub. Instruction, 277 F.2d 370 (5th Cir.1960).
Accordingly, we affirm the trial court's order of class certification.
KELLY and VILLANTI, JJ., Concur.
NOTES
[1] In 2002, the legislature repealed section 228.2001 effective January 7, 2003, see ch.2002-387, §§ 1058, 1065, Laws of Fla., and reenacted it as section 1000.05 effective the same date, see ch.2002-387, §§ 7, 1065.
[2] 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954).