TAYLOR, J.
 

 Defendants, Law Offices of David J. Stern, P.A. (the “Law Firm”) and David Stern, appeal the trial court’s class certification order in this action brought by property owners in default on their mortgages against the defendants for alleged violations of the Florida Consumer Collection Practices Act (FCCPA) and the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). Their claims are based on the Law Firm’s transmission of reinstatement letters to borrowers demanding payment for fees and costs which plaintiffs contend were unreasonable, excessive, or “not currently due and owing.” These included service of process fees, title search and title examination fees, attorneys’ fees, and other charges.
 

 Plaintiff, Loren Banner, sought class certification. Before the hearing on Banner’s motion for class certification, the par
 
 *1222
 
 ties stipulated to certain facts and agreed that the numerosity and adequacy elements were met. After a lengthy hearing, the trial court entered an extensive and detailed order finding that the requirements of Florida Rule of Civil Procedure 1.220(a), (b)(2), and (b)(3) were met. The order recites detailed findings as to how the commonality and typicality requirements were met with regard to service of process charges, title search and title exam charges, and payments that were not yet incurred. The court ruled as follows:
 

 [T]he claims of BANNER and the class members all involve similar actions in that each class member defaulted on his or her residential mortgage and requested reinstatement. THE LAW FIRM and STERN acted similarly toward each class member, and BANNER and the class all seek recovery under the FCCPA and FDUTPA. Further, both the factual and legal issues arising under FCCPA and FDUTPA are essentially identical as to each member of the class and are susceptible to proof on a class wide basis. Therefore, both the commonality and typicality requirements of Rule 1.220(a) are satisfied.
 

 The court determined that the injunctive or declaratory relief sought by Banner under the FCCPA and FDUTPA met the requirements of Rule 1.220(b)(2). Further, the cohesive requirement of Rule 1.220(b)(3) was deemed met 'because the members share common characteristics, and common questions of law and fact predominate over any individual issues, since “[t]he nature of this case and the elements of BANNER’S and the class members’ claims primarily involve issues focusing on THE LAW FIRM’S acts and not those of the class members. It was stipulated and shown that THE LAW FIRM’S activities and practices in attempting to collect charges related to the reinstatement of residential mortgages were common practices to all class members, and it is alleged that these activities violate the FCCPA and FDUTPA.”
 

 Citing
 
 Cole v. Echevarria, McCalla, Raymer, Barrett & Frappier,
 
 965 So.2d 1228 (Fla. 1st DCA 2007), the court declined the defendants’ request to distinguish between those class members who paid and reinstated their mortgages and those who lost their property in foreclosure. The court reasoned that “[t]he causes of action for unfair debt collection and unfair trade practices are based on the act of making an unlawful demand in the reinstatement letter, and not the ultimate consequence of the letter.” However, the court noted that those who lost their homes by final judgment of foreclosure and sale would be limited to statutory damages under FCCPA and injunctive relief under FCCPA or FDUTPA.
 

 Finally, as to addressing any individualized damage issues that might arise, the court explained there are a number of management tools it could use to address these issues. The court stated: “As far as damages, assuming a finding of a violation of either FCCPA or FDUTPA, the majority of the class members would be entitled to assert statutory damages under FCCPA and request injunctive relief under FCCPA and FDUTPA. To the extent that class members who reinstated have actual damages, these damages can be determined by a relatively simple and mechanical computation, given the nature of these claims, and because each class member’s claim for actual damages is relatively small.”
 

 The court certified the class as follows:
 

 [A]ll persons in the state of Florida to whom THE LAW FIRM and STERN sent reinstatement letters on behalf of WELLS FARGO Bank, N.A. and who either reinstated their mortgages by
 
 *1223
 
 paying the reinstatement charges, or who lost them property from January 18, 2003 through February 19, 2009 in which THE LAW FIRM and STERN attempted to collect the following:
 

 A. Amounts for service of process on two or more persons commonly identified by THE LAW FIRM as “John Doe and Jane Doe, unknown tenants in possession” or “unknown spouse;” and/or
 

 B. Costs for title search and/or title examination which exceeded the out of pocket and overhead costs for said title work; and/or
 

 C. Where a title exam was performed by an employee of THE LAW FIRM when the invoice reflected that the title exam was performed by Professional Title & Abstract Co. (PT & A); and/or
 

 D. Other charges, fees and costs which had not yet been incurred at the time Defendants demanded payment.
 

 The standard of review of an order granting a motion for class certification is abuse of discretion.
 
 InPhyNet Contracting Servs., Inc. v. Soria,
 
 33 So.3d 766, 770 (Fla. 4th DCA 2010) (quoting
 
 Olen Props. Corp. v. Moss,
 
 981 So.2d 515, 518 (Fla. 4th DCA 2008));
 
 Chase Manhattan Mortg. Corp. v. Porcher,
 
 898 So.2d 153, 156 (Fla. 4th DCA 2005) (citing
 
 Stone v. CompuServe Interactive Servs., Inc.,
 
 804 So.2d 383, 387 (Fla. 4th DCA 2001));
 
 Turner Greenberg Assocs., Inc. v. Pathman,
 
 885 So.2d 1004, 1007 (Fla. 4th DCA 2004). Using that standard, we find no abuse of discretion in the trial court’s decision to certify the class in this case and affirm the certification order.
 

 Affirmed.
 

 CIKLIN, J., and TOWBIN SINGER, MICHELE, Associate Judge, concur.