PER CURIAM.
We affirm the class certification order in this case on the authority of Law Offices of David J. Stern, P.A. v. Banner, 50 So.3d 1221 (Fla. 4th DCA 2010), which we find to be indistinguishable from this case in all relevant respects. We reject appellants’ argument that the class representative’s claim was atypical because he did not pay any of the reinstatement charges. Id. at 1222 (declining to distinguish between those class members who paid reinstatement charges and those who did not).
We note, however, that our jurisdiction in this non-final appeal is limited to review of the propriety of the class certification. The trial court’s denial of appellants’ motion for partial summary judgment on appellee’s claim for a violation of FDUTPA is not before us at this point. See Pinellas Cnty. Sch. Bd. v. Crowley, 911 So.2d 881, 882 (Fla. 2d DCA 2005) (“The School Board’s argument ... actually addresses the issue of whether the class representatives’ complaint stated a cause of action. This issue is not properly before us, and we express no opinion on it. Our jurisdiction in this nonfinal appeal is limited to the review of the propriety of the order of class certification.”).
We therefore cannot express an opinion on whether appellee’s complaint stated a cause of action for a FDUTPA claim. However, we note our decision in State, Office of Attorney General v. Shapiro & Fishman, LLP, 59 So.3d 353 (Fla. 4th DCA 2011), in which we upheld a trial court order quashing a subpoena seeking production of documents related to a law firm’s representation of lending institutions in foreclosure cases, and ruled that “the alleged conduct of the law firm ... d[id] not fall within the rubric of ‘trade or commerce’ as required for civil investiga *491 tive subpoenas under FDUTPA.” Id. at 356. Further, any future determination on whether the FDUTPA claim is viable would not affect the trial court’s determination as to class certification of the FCCPA claim. We thus hold that the class certification order here was not an abuse of discretion.

Affirmed.

TAYLOR, CIKLIN and LEVINE, JJ„ concur.