# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ANTONIO OSBORNE** and **ANGELIA OSBORNE,**
Appellants,

v.

**GREGORY EMMER, TRUSTEE OF THE EQUITYMAX, INC. PENSION PLAN,**
Appellee.

No. 4D15-1761

[February 3, 2016]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Thomas Barkdull, III, Judge; L.T. Case No. 2009CA026064XXXXMB.

Tim B. Wright of Wright, Ponsoldt & Lozeau Trial Attorneys, L.L.P., Stuart, for appellant.

Laurel R. Wiley and Lauren B. Feffer of Rosenbaum Mollengarden PLLC, West Palm Beach, for appellee.

PER CURIAM.

Antonio and Angelia Osborne appeal a non-final order denying class certification. The Osbornes raise two arguments. First, they argue the trial court applied the wrong legal standard by denying class certification on the grounds that they did not pursue class representation as soon as practicable after pleading a class, as required by Florida Rule of Civil Procedure 1.220(d)(1). Second, they complain that the trial court did not consider evidence and make findings of fact.

Because the extensive delay in this case supports the court's finding that the Osbornes did not satisfy rule 1.220 by failing to seek class certification as soon as practicable, and because counsel's inaction can be a factor in determining whether the prospective class is adequately represented, we affirm.

The Osbornes claim that the defendants below made usurious mortgage loans to them and 400 other borrowers. On July 31, 2009, the

Osbornes filed a complaint seeking civil remedies for RICO violations, usury, and licensing violations under chapter 494, Florida Statutes (2009). On October 28, 2009, they filed an amended complaint including allegations for class certification. The RICO counts were later dismissed.

Defendants moved to deny class certification, arguing, in part, that the Osbornes did not prove the elements required for class certification under Florida Rule of Civil Procedure 1.220.

At a hearing on March 27, 2015, defense counsel reminded the trial court that this was a 2009 case; although there had been an appeal during this time, the appeal became final more than a year prior, while the class certification still remained pending. The court asked plaintiff's counsel why he had slept on his clients' rights, and counsel did not dispute that he had not been diligent in moving the case forward. The court granted the motion to deny class certification and told counsel to set the case for trial. In its written order, the court stated that it had reviewed the record and the legal authority provided by the parties. Noting that there had been a delay of more than five years in this case, the order found that the Osbornes and their counsel had failed to satisfy the requirements of rule 1.220 "by[,] improperly and without any good cause," failing to seek a determination of class certification "as soon as practicable after service of any pleading alleging the existence of a class under this rule." (Quoting Fla. R. Civ. P. 1.220(d)(1)).

The Osbornes contend that the trial court applied the wrong law because the obligation in the rule to seek class certification as soon as practicable does not apply solely to the party seeking class certification. They argue this was not a basis to deny them class certification.

The Osbornes also complain that this was a non-evidentiary hearing and the court did not expressly inquire into the requirements of class certification (numerosity, commonality, typicality, and adequacy), or make specific findings on these elements. Instead, the court focused on the age of the case.

Although rule 1.220(d)(1) allows any party, or the court on its own, to seek a determination of class certification, we agree with defendants that this should primarily be the responsibility of the proponent of the class. But even if the court misapplied this burden to the plaintiffs, the court acted within its discretion in denying class certification based on the delay in this case.

Rule 1.220 does not specifically require an evidentiary hearing, but one may be necessary if the elements for class certification are not clear from the pleadings. *Ernie Haire Ford, Inc. v. Gilley*, 903 So. 2d 956, 959 (Fla. 2d DCA 2005) (citing *Marco Island Civic Ass'n v. Mazzini,* 805 So. 2d 928, 930 (Fla. 2d DCA 2001)); *see also Barton-Malow Co. v. Bauer*, 627 So. 2d 1233, 1235 (Fla. 2d DCA 1993). If the pleadings are facially sufficient, but the defendant contests the allegations, the court will need to determine whether the facts support the allegations.

Here, unreasonable delay was apparent from the face of the record, and plaintiffs' counsel conceded that he had not diligently moved the case forward. Although there was an appeal during the pendency of the case, that appeal was final in August 2013, and plaintiffs still had not sought class certification more than a year and a half later. Defendants informed the court that the Osbornes had not taken discovery since 2010, and plaintiffs' counsel did not dispute this or offer any reason for failing to take action on class certification.

We agree with Judge Shepherd in his partial dissent in *Browning v. Angelfish Swim School, Inc.,* 1 So. 3d 355, 363 (Fla. 3d DCA 2009), that extensive delay alone can warrant denial of class certification. "Deliberately delaying a class certification determination does not represent an effort to resolve the issue 'as soon as practicable.'" *Grosso v. Fid. Nat. Title Ins. Co.*, 983 So. 2d 1165, 1170 (Fla. 3d DCA 2008) (quoting *In re Gen. Motors Corp. Pick-Up Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 787 (3d Cir. 1995)).

Delay clearly affects potential class members and defendants.

> The requirement of diligence in the pursuit of class certification is not a matter of mere judicial window dressing. Failure to timely certify prejudices putative class members by delaying recovery of funds to which they are ostensibly entitled. Delaying certification can foster a false sense of security in claimants who may sit on their rights in the mistaken belief they are being protected by the class counsel. If class certification ultimately is denied, the ability of putative class members to proceed thereafter might be barred or hindered. Defendants, too, are entitled to know at the earliest practicable date whether they will be facing a limited number of known plaintiffs or a much larger mass of generally unknown plaintiffs.

*Browning*, 1 So. 3d at 362 (Shepherd, J., concurring in part, dissenting in part) (footnote omitted).  Part of the adequacy determination includes the zeal and competence of the representative's counsel, and courts may consider the delay in the progress of a case and in seeking class certification in deciding whether a representative is adequate.  *Id.* at 362 n.11.

A trial court has broad discretion whether to grant or deny class certification.  *Chase Manhattan Mortg. Corp. v. Porcher*, 898 So. 2d 153, 156 (Fla. 4th DCA 2005).  Here, the court found that the extensive delay in the case did not satisfy rule 1.220 because class certification was not sought as soon as practicable.  This was not a clear misapplication of rule 1.220 or an unreasonable basis to deny class certification.

Accordingly, the trial court's order is affirmed.

WARNER, GROSS and GERBER, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***

4