524 So.2d 506 (1988)
CITY OF MIRAMAR, Petitioner,
v.
AMOCO OIL COMPANY, Respondent.
No. 87-3193.
District Court of Appeal of Florida, Fourth District.
May 11, 1988.
Edward Paul Kreiling of Rosen, Rosen, Kreiling & Bornstein, P.A., Miramar, for petitioner.
James C. Brady of James C. Brady, P.A., Fort Lauderdale, for respondent.
DELL, Judge.
Petitioner, City of Miramar, seeks review by petition for writ of certiorari of an order *507 of the circuit court, rendered in its appellate capacity, that reversed petitioner's denial of respondent's application for a special exception to the governing zoning ordinances.
The circuit court expressly found that respondent had complied with the performance standards set forth in the Retail Business District Regulations of the Code of Ordinances of the City of Miramar and that petitioner did not, by competent substantial evidence, show that the special exception requested by respondent did not meet the performance standards set forth in the regulations. The circuit court also found that petitioner wrongfully denied respondent's application for this special exception. The circuit court's order provided:
[T]he Defendant, CITY OF MIRAMAR, is hereby ORDERED to approve the Plaintiff's Petition for Special Exception and to institute such proceedings relative to the grant of the Special Exception which is the subject matter hereof as are consistent with the rulings herein stated.
We find no merit in petitioner's claim that the circuit court denied it procedural due process by denying its motion to supplement the record to include certain standards of the Miramar zoning ordinances. In a certiorari proceeding the circuit court's review is restricted solely to the evidence presented at the proceedings before the particular agency involved. Fort Lauderdale Board of Adjustment v. Nash, 413 So.2d 855 (Fla. 4th DCA 1982).
However, the circuit court departed from the essential requirements of law when it ordered petitioner to approve respondent's petition for a special exception. In National Advertising Company v. Broward County, 491 So.2d 1262 (Fla. 4th DCA 1986), we held:
We agree, however, with petitioner's contention that the circuit court exceeded the scope of its review by certiorari where it directed the county to take steps to have the sign removed, rather than merely quashing the variance. A court's certiorari review power does not extend to directing that any particular action be taken, but is limited to denying the writ of certiorari or quashing the order reviewed. See Tamiami Trail Tours, Inc. v. Railroad Commission, 128 Fla. 25, 174 So. 451 (1937); Gulf Oil Realty Co. v. Windhover Ass'n, 403 So.2d 476 (Fla. 5th DCA 1981).
Accordingly, we hold that the circuit court afforded petitioner procedural due process and that it did not depart from the essential requirements of law when it concluded: "The Defendant's [petitioner's] denial of Plaintiff's [respondent's] application for a special exception was not necessary to accomplish a legitimate public purpose or protect the public interest; was not based upon any factual record; was in derogation of Plaintiff's rights to the continued use of its property, and was in derogation of Plaintiff's rights under the Regulations." We also approve that part of the circuit court's order that ordered petitioner "to institute such proceedings relative to the grant of the special exception which is the subject matter hereof as are consistent with the rulings herein stated." However, we grant certiorari to the extent that we quash that part of the circuit court's order that ordered petitioner to approve the special exception.
CERTIORARI GRANTED IN PART and DENIED IN PART.
DOWNEY and STONE, JJ., concur.