536 So.2d 1062 (1988)
PINELLAS COUNTY BOARD of Adjustment, Pinellas County, Florida, Petitioner,
v.
Craig CARLSON and Dorothy Carlson, Respondents.
No. 88-2409.
District Court of Appeal of Florida, Second District.
November 2, 1988.
Scott I. Steady, Asst. Co. Atty., Clearwater, for petitioner.
Michael R. Berz of Fox, Fox and Berz, P.A., Clearwater, for respondents.
PER CURIAM.
The Pinellas County Board of Adjustment seeks certiorari review of an order of the circuit court which directed the board to grant an application for special exception. The application was filed by the respondents, Craig and Dorothy Carlson, who want to establish a group home for ten elderly people on property currently zoned rural-residential. The county's land use regulations would allow such a facility so long as there are no more than ten residents, but if more than five are to be housed a special exception is needed. The Board of Adjustment denied the Carlsons' application, but on certiorari to the circuit court, the Carlsons prevailed.
The Florida Supreme Court, in Irvine v. Duval County Planning Commission, 495 So.2d 167 (Fla. 1986), established the requirements and procedures involved in a request for special exception. Once the applicant has shown initially that his *1063 request meets the statutory criteria for granting such exceptions, the burden thereafter shifts to the zoning authority to demonstrate by substantial competent evidence that the special exception does not, in fact, meet such standards and is adverse to the public interest. In the present case we find no departure from the essential requirements of law in the circuit court's conclusions that the Carlsons satisfied this burden and that the Board of Adjustment did not rely upon substantial competent evidence in reaching its adverse decision. However, we agree, and respondents concede, that the court exceeded its power of review when it directed that a particular action should be taken by the board after remand. City of Miramar v. Amoco Oil Co., 524 So.2d 506 (Fla. 4th DCA 1988). Although the board, under the circumstances of this case, may not have discretion to deny the Carlsons' application, the Pinellas County Zoning Code provides the board with authority to impose reasonable conditions upon an approval of a special exception, and the board should be afforded the opportunity to consider whether such conditions may be necessary.
The petition for writ of certiorari is granted in part and denied in part, and this matter is remanded to the circuit court for further proceedings consistent with this opinion.
RYDER, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.