HARRIS, Judge.
Appellant, Katherine Kanski, timely appeals an order of the Unemployment Appeals Commission denying benefits. We reverse.
Appellant was dismissed from her job as a waitress because she stopped a customer in the parking lot and inquired whether he understood the restaurant’s new policy in which a gratuity charged on a credit card is advanced to the customer to be given by the customer directly to the server.[1] The employer urged that this conduct amounted to a solicitation of a gratuity, was contrary to the best interest of the company, and constituted misconduct connected with work. The referee disagreed and held:
The record in this case reflects that the claimant attempted to clarify the new policy and procedure of the changed policy to a customer that she had known. Her attempt of clarification cannot be considered, in the opinion of the referee, as solicitation of a tip. The claimant’s actions, although questionable, were not proven to be intentional, or egregious enough to constitute misconduct connected with work. Therefore, the claimant was discharged, but not for misconduct connected with work.
The employer appealed the referee’s decision and the Unemployment Appeals Commission reversed the decision of the referee, finding:
The employer discharged the claimant for confronting a customer about a tip. The referee excused the claimant’s behavior by reasoning that she was not soliciting a tip, but was merely attempting to clarify the employer’s tip policy for the customer. The claimant, however, admitted that she followed'the customer to the employer’s parking lot and confronted him about his failure to leave a tip. The employer’s policy requires employees to treat customers courteously and attentively and further states that the customer is not someone with whom to match wits. The claimant’s actions were a deliberate violation of the employer’s policy; accordingly, her discharge was for misconduct connected with work within the meaning of the law. Trinh Trung Do v. Amoco Oil Company, 510 So.2d 1063 (Fla. 4th DCA 1987).
The ruling of the Commission “reversed” two findings of fact by the referee without record support. First, the Commission’s finding that, “The claimant, however, admitted that she followed the customer to the employer’s parking lot and confronted him about his failure to leave a tip,” is inconsistent with the referee’s finding that the employee had merely “attempted to clarify the new policy and procedure of the changed policy to the customer that she had known.” Second, the Commission’s finding that the “claimant’s actions were a deliberate violation of the employer’s policy” is contrary to the referee’s finding that “the claimant’s actions ... were not proven to be intentional.”
Because the referee’s findings are supported by the record, they cannot be ignored or altered by the Commission. Georgia v. Unemployment Appeals Commission, 647 So.2d 279 (Fla. 2d DCA 1994).[2]
Georgia, 647 So.2d at 282.
REVERSED and REMANDED with directions for the Unemployment Appeals Commission to affirm the order of the referee.
GOSHORN and GRIFFIN, JJ., concur.

. The waitress observed that the customer had indicated a gratuity on his credit card but the gratuity was not left on the table.

. Georgia states the principle as follows: While the U.A.C. has the right to affirm, modify, or reverse the findings and conclusions of the referee, it may do so only if there is no competent evidence to support the referee's determination.