THOMPSON, Judge.
Michael E. Philbrick (“Philbrick”) appeals an order of the circuit court sitting in its review capacity pursuant to Florida Rule of Appellate Procedure 9.030(c)(3). The circuit court denied his petition for writ of certiora-ri. Philbrick sought review of a decision by the Volusia County Manager which upheld his termination by the sheriff of Volusia County. Philbrick filed a notice of appeal in the circuit court within 30 days of the decision, and he filed an initial brief in this court. Instead, Philbrick should have filed a writ of certiorari with this court. Nevertheless, this court has jurisdiction, and, pursuant to Florida Rule of Appellate Procedure 9.040(c), we treat the notice of appeal as a petition for writ of certiorari. Johnson v. Citizens State Bank, 537 So.2d 96 (Fla.1989). Having de- *342 eided to treat the appeal as a petition for writ of certiorari, we deny the petition.
Philbrick was terminated from the Volusia County Sheriffs Office for “an intentional omission” on his employment application and for making untruthful statements during an internal affairs investigation. Although required to do so, Philbrick did not list his previous employment with the Pembroke Police Department in New Hampshire on his application for employment with the Volusia County Sheriffs Office. Philbrick appealed the termination order to the personnel board, which conducted a 12-hour hearing at which witnesses testified and exhibits were admitted. Philbrick was represented by counsel. The personnel board determined that Phil-brick intentionally omitted information from his employment application, but reversed the finding that he was untruthful in the internal affairs investigation. The personnel board recommended that Philbrick be suspended for 90 days without pay but not terminated. The county manager rejected the board’s advisory recommendation and upheld the dismissal. Philbrick filed a petition for writ of certiorari with the circuit court. The circuit court denied the petition and the matter is now before this court.
Haines City Community Dev. v. Heggs, 658 So.2d 528 (Fla.1995), recently decided by the Florida Supreme Court, is controlling. In Heggs, Justice Anstead compared the standard of review by a circuit court when it reviews by certiorari the decision of an administrative agency, and the standard of review of the district court when it reviews by certiorari the , decision of the circuit court. He wrote:
As a case travels up the judicial ladder, review should consistently become narrower, not broader. We have held that circuit court review of an administrative agency decision, under Florida Rule of Appellate Procedure 9.030(c)(3), is governed by a three-part standard of review: (1) whether procedural due process is accorded; (2) whether the essential requirements of law have been observed; and (3) whether the administrative findings and judgment are supported by competent substantial evidence. [City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982) ]. The standard of review for certiorari in the district court ... is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law.
658 So.2d at 530.
In this case, Philbrick received procedural due process and the circuit court applied the correct law. The circuit court determined that the county administrator was not bound by the decision of the personnel board, but had the option to exercise his discretion to accept or modify the board’s decision. In an extensive order, the circuit court cited the personnel policy of Volusia County as a basis for the county manager’s authority. The circuit court wrote that its role was constrained by the Florida Supreme Court’s decision in Vaillant, and that it could not reweigh or reevaluate the conflicting evidence. The circuit court also detailed the witnesses and evidence presented, and noted that Phil-brick was represented by an attorney. The circuit court found that the three-part test of Vaillant had been met.
We find no error because the trial court afforded procedural due process and applied the correct law. Heggs, 658 So.2d at 530. Accordingly, we deny the petition for writ of certiorari.
WRIT DENIED.
GRIFFIN and ANTOON, JJ., concur.