699 So.2d 334 (1997)
SEMINOLE COUNTY BOARD OF COUNTY COMMISSIONERS, Petitioner,
v.
EDEN PARK VILLAGE, INC., etc., Respondent.
No. 96-3487.
District Court of Appeal of Florida, Fifth District.
September 26, 1997.
*335 Robert A. McMillan, County Attorney, and Lonnie N. Groot, Deputy County Attorney, and Herbert S. Zischkau, III, Assistant County Attorney, Sanford, for petitioner.
William E. Clague, Assistant County Attorney, Orlando, amicus curiae, for Orange County.
Mary A. Marshall, Alachua County Attorney, and David W. Wagner, Assistant County Attorney, Gainesville, amicus curiae, for Alachua County.
Clayton D. Simmons and Catherine D. Reischmann, of Stenstrom, McIntosh, Colbert, Whigham & Simmons, P.A., Sanford, for respondent.
PER CURIAM.
Seminole County Board of County Commissioners ("SCBCC") petitions this court for certiorari review of a ruling of the circuit court sitting as a three-judge panel in its appellate capacity.[1] We find no merit in SCBCC's procedural due process argument; however, based on our conclusion that the circuit court departed from the essential requirements of law in ordering SCBCC to take a specific action, we grant the petition in part.
The circuit court quashed a quasi judicial order of SCBCC which denied Eden Park Village's application for a special exception to expand its existing Adult Congregate Living Facility from one residential lot in a subdivision to two lots. The opinion reads in pertinent part: "Certiorari granted, order quashed, case remanded with directions to Respondent to grant the special exception in accordance with this opinion." Our review of the record shows that the circuit court's decision must be sustained because the circuit court afforded procedural due process and applied the correct law. See City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982). In the absence of an error of law resulting in a miscarriage of justice, and we find none here, this court may not be used for a second appeal. See Haines City Community Dev. v. Heggs, 658 So.2d 523, 527 (Fla.1995). The circuit court, sitting in its appellate capacity, proceeded according to the essential requirements of law. Accordingly, we deny SCBCC's petition for writ of certiorari as to its procedural due process claim.
We find, however, that the circuit court departed from the essential requirements of the law when it ordered SCBCC to grant the exception. The circuit court sitting in its appellate capacity could quash the order under review, but it could not direct SCBCC to take a specific action. See ABG Real Estate Dev. Co. of Florida, Inc. v. St. Johns County, 608 So.2d 59 (Fla. 5th DCA 1992) (citing City of Miramar v. Amoco Oil Co., 524 So.2d 506 (Fla. 4th DCA 1988); Gulf Oil Realty Co. v. Windhover Ass'n, Inc., 403 So.2d 476 (Fla. 5th DCA 1981)), dismissed, 613 So.2d 8 (Fla.1993). Therefore, we grant the petition for writ of certiorari in part and quash that portion of the circuit court's opinion which ordered SCBCC to grant the special exception.
*336 CERTIORARI GRANTED in part and DENIED in part; REMANDED.
GOSHORN and THOMPSON, JJ., concur.
W. SHARP, J., dissents, with opinion.
W. SHARP, Judge, dissenting.
One basis for certiorari review of a circuit court's appellate review of a zoning authority's zoning determination is that the circuit court departed from the essential requirements of law. Here, the circuit court reversed the decision of the Seminole County Board of County Commissioners, which denied Eden Park's application for a special exception to an existent zoning ordinance. To do that, assuming the ordinance was valid and constitutional, as this one apparently was, the circuit court would have to find there was no substantial competent evidence to support the zoning authority's decision. However, as Judge Benson points out in his dissenting opinion at the circuit court level, there was competent, substantial evidence to support the zoning authority's denial of the special exemption. If that is true, then in my view there is a basis for certiorari review by this court.
It is basic appellate law that a fact finder's resolution of disputed facts and inferences should not be overturned by a reviewing body, unless there is no competent, substantial evidence to support the decision under review. Skaggs-Albertson's v. ABC Liquors, Inc., 363 So.2d 1082 (Fla.1978). We often point this out in administrative law cases, such as unemployment compensation cases,[1] when we perceive that the Commission has "redetermined conflicting evidence" in overturning a hearing officer's decision. Redetermination of disputed facts at the appellate level is, in my view, a departure from the essential requirements of law.
In City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982), the Florida Supreme Court did not truly address this issue. The decision actually concerned the proper method or mode in which a district court of appeal should handle the review of a circuit court's appellate review of a zoning authority's decision: was it by direct appeal, or by certiorari? The Court held that certiorari review was appropriate. It summarized its holding as follows:
Where a party is entitled as a matter of right to seek review in the circuit court from administrative action, the circuit court must determine whether procedural due process is accorded, whether the essential requirements of the law have been observed, and whether the administrative findings and judgment are supported by competent substantial evidence. The district court, upon review of the circuit court's judgment, then determines whether the circuit court afforded procedural due process and applied the correct law. (emphasis supplied)
Id. at 626.
In my view, part of the district court's job should be to ensure that the "correct law" was applied. That should include a review to see that the circuit court did not redetermine disputed factual evidence, or overturn a zoning decision where the record contains substantial competent evidence to support the decision being reversed. Vaillant does not mandate a contrary result. Not to do so makes unreviewable cases in which this basic principle of appellate law is overlooked and even ignored.
Education. Development Center, Inc. v. City of West Palm Beach Zoning Board of Appeals, 541 So.2d 106 (Fla.1989), relied on Vaillant in rejecting that concept. It put the district courts of appeal out of the business of reviewing substantial evidence issues by characterizing the problem as a district court simply disagreeing with a circuit court's evaluation of the evidence. As pointed out above, Vaillant does not require that result. Further, neither the circuit court sitting in its review capacity or the district court should be "evaluating the evidence". The simple question at both levels should be: Was there substantial competent evidence to support the zoning authority's decision? If *337 there was, it is an essential departure from established appellate law to reverse.
NOTES
[1] This court has jurisdiction pursuant to Fla. R.App. P. 9.030(b)(2)(B).
[1] See, e.g., Johnson v. Unemployment Appeals Commission, 680 So.2d 1073 (Fla. 5th DCA 1996); Kanski v. Unemployment Appeals Commission, 664 So.2d 1158 (Fla. 5th DCA 1995).