PER CURIAM.
C.H. is the mother and A.G. is the father of A.K.G. who was born on November 19, 1997. On December 1, 1997, the Department of Children and Families took the child into its custody alleging that the child tested positive for cocaine after delivery, the mother admitted to using cocaine during pregnancy, the mother had a substance abuse problem which interfered with her ability to care for the child, the child is her third cocaine exposed baby, and the father failed to protect the child from the mother’s drug use during pregnancy. Thereafter, on March 27, 1998, the Department filed an amended petition for termination of parental rights. The Department alleged that the child was neglected by the father, the father failed to protect the child from his mother’s drug use during pregnancy, that the father’s involvement in the child’s life would threaten the well being of the child and that pursuant to paragraph 39.464(l)(c), Florida Statutes (1997),[1] the *1213 father’s parental rights should, be terminated. The father was served with the petition. At the pretrial hearing, the father provided an address at which he claimed he could be located. For almost eight months, the father could not be located and the father did not attempt to contact the court or the Department. The Department later learned that the father was arrested on September 1, 1998 for possession of cocaine.
The court subsequently conducted an ev-identiary hearing on the petition for termination of parental rights. At the hearing, the father admitted that he had heard that the mother used drugs, admitted to having used marijuana himself, admitted that he was not certain that the child was his, admitted that he has never seen the child, admitted that he has never provided any support or clothes for the child, and admitted that he was evicted from his home sometime around August 1998. The father further admitted that he would not be taking care of the child if his parental rights were not terminated. Rather, the child would live with the baby’s maternal grandmother.
Despite this, after all of the evidence, the father moved to dismiss the petition alleging that the Department failed to prove by clear and convincing evidence that the father abused, abandoned or neglected the child. The father further claimed that he was entitled to a case plan prior to the termination of his parental rights. The Department requested that the court allow it to amend its pleadings to conform to the evidence and amend its pleadings to allege that the father had violated paragraph 39.464(l)(e), Florida Statutes (1997), a theory not previously pled.[2] The court allowed the Department to amend its petition to conform to the evidence. The court further terminated the parental rights of the father and mother. The mother and father appealed.
As to the mother, her attorney filed a motion to withdraw which stated that in her opinion the mother’s appeal is without merit. This Court gave the mother 30 days within which to file a pro se brief. She did not do so. The mother’s appeal is therefore dismissed. See Jimenez v. Department of Health & Rehabilitative Services, 669 So.2d 340 (Fla. 3d DCA 1996).
As to the father, on appeal he argues that the trial court erred in allowing the Department to amend its pleadings to conform to the evidence and that it was improper for the court to allow the Department to argue that the father violated paragraph 39.464(l)(e), Florida Statutes (1997) after the close of the evidence. The father further contends that the trial court erred in terminating the parental rights where the evidence was insufficient to support such a finding and where the Department failed to provide a case plan to the father prior to terminating his parental rights. We reject the father’s contentions.
The evidence was sufficient to terminate parental rights pursuant to para *1214 graph 39.464(l)(c), Florida Statutes (1997). In Department of Children and Families v. A.L., 723 So.2d 342 (Fla. 3d DCA 1998), review dismissed, 729 So.2d 392 (Fla.1999), we recently discussed paragraph 39.464(l)(e), Florida Statutes (1997). In A.L., there was evidence that the father and mother were in and out of prison and that the mother was using cocaine daily. The Department of Children and Families filed a petition for termination of parental rights as to three of their children. With respect to one of the children, the parents had not been offered a case plan prior to the filing of the petition. The trial court denied the petition as to that child because of this omission. We determined in that case that a case plan was not required pursuant to paragraph 39.464(l)(e), Florida Statutes (1997) and determined that termination of parental rights was proper where there was clear and convincing evidence that the “parents’ continuing involvement with [the] children would threaten their well being irrespective of the provision of services.” A.L., 723 So.2d at 343.
The facts here are comparable to the facts in A.L. Indeed, in this case the father even expressed doubt as to whether he was the father. The father has never seen the child nor provided any support for the child and has no fixed place of abode. The statutory criteria were satisfied.
Since we conclude that the evidence was sufficient under paragraph 39.464(l)(e), Florida Statutes (1997), we need not reach paragraph 39.464(l)(e), Florida Statutes (1997), and we need not determine whether it was error for the trial court to allow the Department to amend the pleadings after the close of the evidence.
Affirmed.

. The statute states in relevant part:
(1) The department, the guardian ad litem, *1213 a licensed child-placing agency, or any person who has knowledge of the facts alleged or who is informed of said facts and believes that they are true, may petition for the termination of parental rights under any of the following circumstances:
[[Image here]]
(c) When the parent or parents engaged in conduct toward the child or toward other children that demonstrates that the continuing involvement of the parent or parents in the parent-child relationship threatens the life or well-being of the child irrespective of the provision of services. Provision of services is evidenced by proof that services were provided through a previous plan or offered as a case plan from a child welfare agency.
§ 39.464(l)(c), Fla. Stat. (1997).

. Paragraph 39.464(l)(e), Florida Statutes (1997) provides that termination is appropriate:
(e) When the parent or parents engaged in egregious conduct that endangers the life, health, or safety of the child or the child’s sibling or had the opportunity and capability to prevent egregious conduct that threatened the life, health, or safety of the child or the child's sibling and knowingly failed to do so.