763 So.2d 545 (2000)
Pamela J. ECKLER, Appellant,
v.
ORANGE COUNTY, Florida, Appellee.
No. 5D99-2914.
District Court of Appeal of Florida, Fifth District.
July 28, 2000.
John Vernon Head, of John Vernon Head, P.A., Orlando, for Appellant.
Joy Terese C. Carmichael, Fern Park, for Appellee.
HARRIS, J.
Eckler, a sergeant with the Orange County Corrections Department, was terminated for requiring an inmate who, in order to be relocated away from his cellmate, "Spiderman," had intentionally caused his commode to overflow and flood his cell with a quarter inch of standing water to be handcuffed and to lie face down in the water. Eckler also stepped on the inmate's back pushing his face to the floor. When the inmate spat out water, Eckler was found to have slapped him and slid him back and forth in the water "like a mop."
In addition to the use of excessive force, other grounds for termination relied on by *546 Orange County were that Eckler filed a false (incomplete) report and advised a subordinate not to file a report. The Circuit Court, sitting in its appellate capacity, considered the matter on certiorari. The issues raised by Eckler were that the grounds for termination were not adequately proved and, even if they were, her termination was a disproportionate remedy. The court determined that although the County had failed to adequately prove a false report and the attempt to have a subordinate not file a report, it had adequately proved the charge of excessive force and upheld the termination as appropriate.
The issue before us, although not considered below[1], is whether a termination based on multiple reasons, any one of which is adequate for termination, must be reversed when one or more of the reasons, but not all, are found not to have been adequately proved. In other words, Eckler questions whether she would have been terminated had the County found her guilty only of using excessive force. We believe the better policy, consistent with the action of the appellate division of the trial court and consistent with the high expectation that those in control of our penal institutions will exercise their extreme authority reasonably, is that when the order of termination does not indicate that the termination was only justified because of multiple violations, the termination should be upheld if any valid reason is supported by the record.
Therefore, because the trial court afforded Eckler procedural due process and applied the correct law, we deny certiorari.[2]
PETERSON and PLEUS, JJ., concur.
NOTES
[1] Because this issue was not before the court below, it is difficult to find that it applied the wrong law.
[2] We treat this appeal as a petition for writ of certiorari. See Rule 9.040(c), Fla. R.App. P.