780 So.2d 994 (2001)
ORANGE COUNTY, Florida, etc., Petitioner,
v.
QUADRANGLE DEVELOPMENT CO., etc., et al., Respondents.
No. 5D00-2533.
District Court of Appeal of Florida, Fifth District.
March 23, 2001.
*995 Joel Prinsell, Sr., Assistant County Attorney, Orlando, for Petitioner.
Thomas T. Ross of Akerman, Senterfitt & Eidson, P.A., Orlando, for Respondents.
SAWAYA, J.
Petitioner, Orange County, Florida, seeks certiorari review of a circuit court order granting the certiorari and mandamus relief requested by Respondents, Quadrangle Development Co. and Davis & Sons Construction Co. Respondents sought this relief from the circuit court, sitting in its appellate capacity, after the Orange County Board of County Commissioners ("Board") denied Respondents' final development plan application for the fourth phase of "Knights Krossing," a proposed multi-family development. We grant the petition in part.
Respondents' proposed development was controversial. Residents from nearby neighborhoods opposed the application because of crime and nuisance problems at the other phases of Knights Krossing. When the county's development review committee approved the application, a representative of a home-owners' *996 association appealed the approval of the application to the Board. After a public hearing, the Board denied the application, apparently finding an emergency situation which affected the public health, safety, and welfare. The circuit court granted certiorari relief, finding that the Board's decision to deny the application based on substantial harm to the public health was not supported by competent, substantial evidence. The circuit court also granted mandamus relief and directed the Board to approve the final development plan application.
The circuit court's standard of certiorari review was limited to the following three discrete components: (1) whether procedural due process was afforded; (2) whether the Board followed the essential requirements of law; and (3) whether there was competent substantial evidence to support the Board's decision. See Educ. Dev. Ctr., Inc. v. City of W. Palm Beach Zoning Bd. of Appeals, 541 So.2d 106, 108 (Fla.1989). Certiorari review in our court is limited to whether the circuit court afforded procedural due process and applied the correct law. Id.; see also Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995); Philbrick v. County of Volusia, 668 So.2d 341 (Fla. 5th DCA 1996).
We conclude that the circuit court applied the correct law in determining that there was not competent substantial evidence to support the Board's decision to deny the application. We also conclude that the circuit court used the correct standard of review in finding that there was no evidence of an emergency situation or substantial harm to the public health in relation to the proposed development.
The circuit court misapplied the law, however, in issuing the writ of mandamus. Certiorari, not mandamus, was the proper remedy in the instant case, since the Board's quasi-judicial proceeding was being reviewed. See Park of Commerce Assoc. v. City of Delray Beach, 636 So.2d 12 (Fla.1994); Bd. of County Comm'rs v. Snyder, 627 So.2d 469 (Fla.1993). Mandamus is generally not available to control the discretionary authority of a governmental board. See Garvin v. Baker, 59 So.2d 360 (Fla.1952). Moreover, mandamus is not available if there is another adequate remedy. See Dep't of Health & Rehabilitative Servs. v. Hartsfield, 399 So.2d 1019 (Fla. 1st DCA 1981). In the instant case, certiorari provided an adequate remedy. When a decision is quashed by certiorari, the court should not direct that any specific action be taken. See Seminole County Bd. of County Comm'rs v. Eden Park Vill., Inc., 699 So.2d 334 (Fla. 5th DCA 1997). Therefore, the circuit court erred when it directed the Board to approve the final development plan.
In conclusion, the petition for writ of certiorari is granted in part, and the writ of mandamus issued by the lower court is quashed. In all other respects, the petition is denied.
PETITION GRANTED IN PART; DENIED IN PART; WRIT OF MANDAMUS QUASHED.
THOMPSON, C.J., and GRIFFIN, J., concur.