792 So.2d 708 (2001)
Mellie T. BARON, Appellant,
v.
FIRST UNION NATIONAL BANK OF FLORIDA, Appellee.
No. 5D00-3368.
District Court of Appeal of Florida, Fifth District.
August 31, 2001.
*709 Mellie T. Baron, DeLand, pro se.
Jeffrey R. Becker and Michael Metzner, of Hiday & Ricke, P.A., Jacksonville, for Appellee.
SHARP, W., J.
Baron appeals from an order of the circuit court sitting in its appellate capacity, which dismissed her appeal from the county court for failure to file a brief. The proper remedy in this case for Baron would have been to petition this court for a writ of certiorari. See Fla. R.App. P. 9.030(b)(2)(B). We elect to treat this appal as a petition for a writ of certiorari pursuant to rule 9.040(c),[1] and deny the writ.
In this case, Baron filed her notice of appeal on April 24, 2000. She failed to file her initial brief, which was due on July 3, 2000, and also neglected to file a motion for extension of time to do so. Appellee (Respondent)First Union National Bank of Florida, moved to dismiss the appeal for failure to file the brief, on September 11, 2000. Baron filed a response in which she requested an extension of time, explaining: "I have been trying to obtain the information necessary to put in the brief." On October 18, 2000, the circuit court dismissed the appeal with prejudice.
In reviewing the final order of the circuit court, this court is limited to determining whether the circuit court afforded procedural due process and applied the correct law. Department of Highway Safety and Motor Vehicles v. Perry, 751 So.2d 1277 (Fla. 5th DCA 2000). We acknowledge that dismissal of an appeal is an extreme sanction, and should be reserved for the most flagrant violations of the appellate rules.[2]
However, in this case, Baron failed to file a brief, and she failed to give any reasonable explanation as to why she failed to comply with the appellate rules. Compare Irvin; Craig; Krebs. Further, Baron has not alleged she was denied access to court records, or that any documents are being withheld by First Union. She also had almost six months from the date of filing her appeal to the time it was dismissed, but offered no explanation as to why she was unable to obtain the necessary information needed for the brief. It also appears Baron was unprepared in the county court proceedings.[3]
The circuit court was justified in concluding Baron would never be able to prosecute her appeal, pursuant to the appellate rules. See, e.g., C.H. v. Department of Children and Families, 744 So.2d 1212 (Fla. 3d DCA 1999); Swicegood v. Florida Department of Transportation, 394 So.2d 1111 (Fla. 1st DCA 1981). Accordingly, we deny the petition, since the record demonstrates the circuit court afforded Baron procedural due process and it applied *710 the correct law. Famiglio v. Accredited Professional Services, Inc., 592 So.2d 257 (Fla. 2d DCA 1991), rev. denied, 599 So.2d 655 (Fla.1992).
Petition for Writ of Certiorari DENIED.
COBB and HARRIS, JJ., concur.
NOTES
[1] See Philbrick v. County of Volusia, 668 So.2d 341 (Fla. 5th DCA 1996).
[2] Irvin v. Williams, 736 So.2d 705 (Fla. 1st DCA 1999); Craig v. Preston, 593 So.2d 578 (Fla. 3d DCA 1992); Krebs v. State, 588 So.2d 38 (Fla. 5th DCA 1991), rev. denied, 599 So.2d 658 (Fla.1992).
[3] She moved for a continuance apparently only after summary judgment was rendered against her.