874 So.2d 661 (2004)
Linda Colvard DORIAN, etc., et al., Petitioners,
v.
Stefan DAVIS, et al., Respondents.
Nos. 5D03-3486, 5D03-3522.
District Court of Appeal of Florida, Fifth District.
May 7, 2004.
Rehearing Denied June 16, 2004.
*662 Thomas B. Drage, Jr., County Attorney and Joel D. Prinsell, Senior Assistant County Attorney, Orlando, for Petitioner Orange County.
Thomas P. Callan, G. Robertson Dilg and Alison M. Yurko, of Thomas P. Callan, P.A., Orlando, for Petitioner Linda Colvard Dorian.
Eric B. Marks and Virginia B. Townes of Akerman Senterfitt, Orlando, for Respondents Stefan Davis, etc., et al.
SHARP, W., J.
Dorian (a resident of a nearby neighborhood and a representative of a Homeowners Association), together with other associations, individuals and businesses, and the Orange County Board of County Commissioners,[1] seek "second tier"[2] certiorari review of a final order rendered by a three-judge panel of the circuit court, in a zoning case. The decision overturned the County's denial of Respondents' (Stefan Davis and Davis & Sons Construction Company) Development Plan to construct multi-family residential units on a parcel of undeveloped land located in Knights Krossing, in Orange County, Florida. We grant the writ.
Knights Krossing is located across Alafaya Trail from the University of Central Florida and caters to students attending UCF and Valencia Community College. It is the only multi-family residential development in the Quadrangle, an approved Planned Development (Development of Regional Impact). Respondents are the original developers of the first three multifamily residential phases of Knights Krossing. In their Development Plan at issue, they propose to develop Phase 4, an additional multi-family residential project, on the parcel involved in this lawsuit.
This is the second time this matter has come before this court. In Orange County v. Quadrangle Development Co., 780 So.2d 994 (Fla. 5th DCA 2001), this court determined that the circuit court had applied the correct law in deciding there was no competent substantial evidence to support the County's denial of Respondent's Development Plan for this parcel, on the grounds that the development created "an emergency situation which affected the *663 public health, safety and welfare." 780 So.2d at 996. However, this court concluded that the circuit court should not have issued a writ of mandamus requiring the County to approve the Development Plan.
Following that decision, on June 5, 2001, the County held a second full public hearing on Dorian's appeal from the Development Review Committee's approval of the Development Plan. Additional evidence and testimony was presented. Once again, the Board denied the Development Plan for three reasons:
1. It determined that it would count each separately leased bedroom in each unit in the prior three phases as a multifamily dwelling unit, even though the bedrooms are not attached to separate kitchens, thereby resulting in having the proposed Development Plan exceed the overall multi-family number of units approved for the Quadrangle's existing DRI Development Order and Land Use Plan. This method of counting multi-family units was in contrast to the County's prior policy, which was to count only the number of kitchens to determine the number of multi-family dwelling units. This formula had been used in the prior proceedings.
2. It determined that the levels of crime and nuisance in the existing multifamily phases is excessive and creates a public health and safety issue. In addition, it determined the volume of calls for service in the three prior phases creates a demand on the sheriff's office which decreases the efficiency and availability of those resources to the public at large. It concluded the construction of the proposed Development Plan would aggravate those pre-existing conditions.
3. It determined that the proposed Development Plan, if built, would negatively impact the quality of life for area residents because of the nature of the activity in the project and its density.
On review, the circuit court determined that the County's second and third reasons for disapproving the Development Plan were supported by substantial and competent evidence. However, because the circuit court agreed with Respondents that the first reason was invalid, it granted their petition for writ of certiorari and quashed the County's disapproval of the Development Plan.
In general, a local government's quasi-judicial decision, such as Orange County's in this case, should be upheld if there is any competent, substantial evidence in the record to support it. See Eckler v. Orange County, 763 So.2d 545 (Fla. 5th DCA 2000) (determination upheld even though only one of the three reasons given for termination were supported by the record); Hernando County Board of Commissioners v. S.A. Williams Corp., 630 So.2d 1155 (Fla. 5th DCA 1993), rev. denied, 639 So.2d 981 (Fla.1994) (in zoning case circuit court should determine only whether or not competent substantial evidence supported the Board's decision); Orange County v. Lust, 602 So.2d 568, 570 (Fla. 5th DCA) (en banc), rev. denied, 613 So.2d 6 (Fla.1992) (in rezoning case, the circuit court's role is to search the record to see if any substantial, competent evidence supports the Board's decision).
In a second-tier certiorari review, the district appellate court is out of the business of determining whether or not substantial, competent evidence exists to support the County's zoning decision.[3] Since the circuit court made that determination as to reasons two and three, that is the end of the matter. The fact that the *664 first reason given for disapproving the Development Plan may have violated the law of the case doctrine or Respondents' due process rights does not change the fact that there were two other valid reasons, and that they were supported by competent, substantial evidence. Whether or not the circuit court failed to evaluate this evidence or evaluated it out of context without considering the "legally probative value thereof" are matters which, under the current state of the law, this court is prohibited from considering. Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995).
We also reject Respondents' argument that the "law of the case" doctrine[4] requires a contrary result in this case. The appellate decision in the prior proceeding established, as a matter of law, that there was no substantial competent evidence to support the County's determination that completion of the Development Plan would create a public safety emergency. In the second proceeding, the County considered additional new evidence and based its decision to disapprove the Development Plan on different grounds. The law of the case doctrine is narrower than the doctrine of res judicata in that it bars consideration only of those legal issues actually considered and decided in the former appeal. See Fla. Dept. of Transp. v. Juliano, 801 So.2d 101 (Fla.2001).
Petition for Writ of Certiorari GRANTED. Decision Under Review QUASHED.
SAWAYA, C.J., and GRIFFIN, J., concur.
NOTES
[1] In an order dated November 13, 2003, this court consolidated the petitions filed by each of the petitioners in 5D03-3486 and 5D03-3522.
[2] Florida Power & Light v. City of Dania, 761 So.2d 1089, 1092 (Fla.2000).
[3] Broward County v. G.B.V. International, Ltd. 787 So.2d 838, 843 (Fla.2001).
[4] See Parker Family Trust I v. Jacksonville, 804 So.2d 493 (Fla.2d DCA 2001).