ORFINGER, J.
■ Orange County, Florida, seeks certiorari review of a circuit court order granting Shirley J. Butler’s petition for writ of cer-tiorari. The circuit court’s order quashed a decision of the Orange County Board of Commissioners (Board), which found that Butler’s property was in violation of the Orange County Zoning Code, and ordered her to correct the violation. We grant the petition and issue the writ.
This dispute began when the Orange County Code Enforcement Board (CEB) found Butler in violation of sections 38-3 and 38-77 of the Orange County Code (Code), concluding that “creating a junkyard, extensive auto repairs and open/outside storage of junk, auto parts, trash, debris, and tires is not permitted in resi-dentially zoned areas,” and requiring her to undertake remediation. In an effort to comply with the CEB order, Butler filed an application for a non-conforming land use, claiming that her property had been utilized “as a hobby shop since 1953 for the purpose of repairing race car vehicles owned by [Butlerls], husband and five sons.” Orange County’s zoning manager denied Butler’s request for a non-conform *812 ing use, determining that there was insufficient evidence that the property had been continuously used for racing activities and that the dominant use of the property was for the storage of junk.
Butler appealed the zoning manager’s determination to the Orange County Board of Zoning Adjustment (BZA). After a public hearing, the BZA upheld the zoning manager’s determination that Butler’s property was in violation of Code section 38-77 because the “outdoor/open storage of junk, tires, automobile parts, debris, and other similar waste materials is not a legal non-conforming use for the property.” Butler then appealed the BZA decision to the Board, which upheld the BZA’s determination that Butler’s open storage of junk was not a legal non-conforming use for the property.
Butler then filed a petition for certiorari in the circuit court. Upon consideration, the circuit court, acting in its appellate capacity, granted Butler’s petition and quashed the decision of the Board. In doing so, the circuit court focused on Butler’s claim that her family’s use of the property for their hobby of car racing and repair, constituted a legal non-conforming land use because it had been continuously used in that fashion since before the Orange County Code became effective. The circuit court concluded the record contained no substantial, competent evidence to support Orange County’s determination that Butler’s use of the property to repair race cars as a hobby was not a legal nonconforming use. However, the circuit court failed to address Orange County’s determination that Butler’s outdoor storage of junk; tires, automobile parts and other debris is not a legal non-conforming use of the property.
In its petition, Orange County argues that the Board considered competent, substantial evidence supporting its conclusion that Butler’s property was being primarily used for the outside storage of junk, tires, automobile parts, debris and other similar waste materials, all pointing to the dominant use of the property as a junkyard. Orange County complains that by focusing only on whether Butler had used the property continuously since 1953 for race car repairs, the circuit court ignored the substantial evidence supporting the determination that Butler was using her property as a junkyard. Orange County contends if Butler was using her property as a junkyard, it was irrelevant that she might be entitled to a legal non-conforming use for her family’s hobby involving racing. We agree.
We grant Orange County’s petition for certiorari because the circuit court exceeded the scope of its review authority. The decision by the Board to uphold the BZA’s decision is a quasi-judicial decision. As a result, the standard of review at the circuit court level was limited to whether the Board had provided Butler procedural due process, observed the essential requirements of law and based its decision on competent substantial evidence. Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). At the district court level, our inquiry is limited to whether the circuit court provided procedural due process and whether it applied the correct law. Id.
In the instant case, the record is replete with evidence supporting the Board’s conclusion that Butler was using her property as a junkyard for the “outdoor/open storage of junk, tires, automobile parts, debris and other similar waste materials.” The circuit court focused only on whether there was any substantial competent evidence supporting Orange County’s determination that Butler’s use of the property to repair race cars as a hobby was not a legal, nonconforming use. But in doing so, the cir *813 cuit court failed to consider the abundant evidence of Butler’s primary use of her property as a junkyard, a prohibited activity, irrespective of her ability to use her land for her family’s racing hobby.
As a result, the circuit court departed from the essential requirements of law. A local government’s quasi-judicial decision must be upheld if there is any competent, substantial evidence supporting it. Dorian v. Davis, 874 So.2d 661 (Fla. 5th DCA 2004); Eckler v. Orange County, 763 So.2d 545 (Fla. 5th DCA 2000) (holding that a quasi-judicial determination by a local government should be upheld if any valid reason is supported by the record).
As a result, we grant Orange County’s petition for writ of certiorari and quash the circuit court’s order.
CERTIORARI GRANTED; ORDER QUASHED.
GRIFFIN and MONACO, JJ., concur.