DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

HILLSBOROUGH COUNTY, FLORIDA,
a political subdivision of the State of Florida,

Petitioner,

v.

STEPHEN J. DIBBS,

Respondent.


No. 2D2024-0117
_____

December 4, 2024

Petition for Writ of Certiorari to the Circuit Court for the Thirteenth
Judicial Circuit for Hillsborough County; sitting in its appellate capacity.

Cameron S. Clark, Chief Assistant County Attorney, and Mary J.
Dorman, Senior Assistant County Attorney, Hillsborough County
Attorneys Office, Tampa, for Petitioner.

Kristen M. Fiore of Akerman LLP, Tallahassee; and Jason L. Margolin of
Akerman LLP, Tampa, for Respondent.


CASANUEVA, Judge.

Hillsborough County seeks second-tier certiorari review of the

circuit court's amended order granting Stephen Dibbs' petition for writ of

certiorari, effectively reversing the Hillsborough County Board of County

Commissioners' (the Board) denial of Mr. Dibbs' rezoning application.

Because the circuit court departed from the essential requirement of law, we grant the petition and quash the order.

## I. Background

Mr. Dibbs applied to rezone his property from a Residential Single-Family Conventional-3 units per acre (RSC-3) and Agricultural Single-Family Conventional-1 unit per acre (ASC-1) to a Planned Development (PD). Mr. Dibbs sought to rezone this property so that it could be used for a Professional Residential Facility Type C, with the intention of providing lodging and on-site treatment for a maximum of twenty-five placed residents.

After reviewing the record evidence and hearing argument, the Board rejected the Land Use Hearing Officer's recommendation of approval and instead voted to deny Dibbs' rezoning application. The Board's decision to deny the rezoning application was adopted by unanimous approval of Resolution RR22-045. The Resolution specified that "the requested Planned Development is not compatible with the established residential uses to the north, east[,] and south[1] of the Property, and as such is not consistent with the Future Land Use Element Policy 1.4 of the Comprehensive Plan." The Board stated further that the "requested Planned Development encroachment of non-residential [sic] uses . . . are incompatible with the established residential uses to the north, east, and south of the Property. As such, the requested Planned Development is also inconsistent with Future Land Use Element Objective and Policies 16.1 and 16.2 regarding neighborhood protection." The Board concluded that the retention of the

---

[1] Abutting Mr. Dibbs' property to the north and to the east is an established residential neighborhood which was designated as a RES-4—a low-density residential future land use classification. A vacant, single-family zoned parcel is directly to the south of the property.

existing zoning classification served a legitimate public purpose of protecting the existing residential neighborhood from the encroachment of non-residential or commercial uses.

Mr. Dibbs filed a petition for writ of certiorari in the circuit court challenging the denial of his rezoning application. The circuit court determined that the Board "applied the wrong law when it determined the use [of Mr. Dibbs' property] was a commercial one, where the code defines the specific use as residential. In addition, the Board's determination that a legitimate public interest in maintaining the current zoning to protect neighborhoods from 'commercial encroachment,' is unsupported by competent, substantial evidence." The circuit court granted the petition and quashed the resolution. The County now petitions this court for certiorari relief from the circuit court's amended order, arguing that the circuit court misinterpreted the Land Development Code (the LDC)[2] and improperly reweighed the evidence supporting the approval of Mr. Dibbs' rezoning application. For the reasons which follow, we agree.

## II. Discussion

To begin, we note that "this court is powerless to comment upon or decide the validity of the ordinances involved. Nor is this court empowered to review the record to determine whether the [Board's] decision was supported by competent, substantial evidence." *See City of Tampa v. City Nat'l Bank of Fla.*, 974 So. 2d 408, 410 (Fla. 2d DCA 2007) (citing *Miami–Dade County v. Omnipoint Holdings, Inc.,* 863 So. 2d 195, 199 (Fla. 2003)). "The standard of review at the circuit court level was

_____

[2] The Land Development Code for Hillsborough County is available at https://library.municode.com/fl/hillsborough_county/codes/land_development_code

3

limited to whether the Board had provided [Dibbs] procedural due process, observed the essential requirements of law[,] and based its decision on competent substantial evidence." *See Orange County v. Butler*, 877 So. 2d 810, 812 (Fla. 5th DCA 2004).  And "when a district court considers a petition for second-tier certiorari review, the 'inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law,' or, as otherwise stated, departed from the essential requirements of law." *Custer Med. Ctr. v. United Auto. Ins. Co.*, 62 So. 3d 1086, 1092 (Fla. 2010) (quoting *Haines City Cmty. Dev. v. Heggs*, 658 So. 2d 523, 530 (Fla. 1995)).  Because the County does not raise any due process arguments, we narrow our focus to whether the circuit court departed from the essential requirements of law.

The circuit court's amended order concluded that the Board used the wrong law in denying Mr. Dibbs' application for rezoning because per section 6.11.75 of the LDC, the proposed use—a Professional Residential Facility Type C—is allowable in residential areas if it meets certain criteria.  Specifically, that "no community residential home type 'B' or 'C' may be located within a radius of 1,200 feet of another existing Type B or C community residential home in a multi-family zone, nor within a radius of 500 feet of an area of non-agricultural (RSC) single-family zoning."  Later in the order, the court stated that "[t]he major criteria for the placement of such facilities are 1) that it not be placed in a manner as to create a concentration of similar uses in an area, and 2) that the design be compatible with the surrounding area."  The court concluded that there was no evidence of a similar use within the required 1,200 feet separation requirement and the existing residence could not be deemed anything other than consistent with the surrounding residential

4

development. Therefore, the circuit court determined that the property was consistent with the surrounding area and that the Board applied the wrong law in concluding the use was commercial.

The section cited by the circuit court is within Part 6.11.00 of the LDC, titled Special and Conditional Uses. However, Mr. Dibbs' rezoning application requested to rezone his property to a PD to allow for a Professional Residential Facility Type C. Mr. Dibbs did not apply for a special use permit and had he applied for such, he would have been prohibited from rezoning his property to a Professional Residential Facility Type C pursuant to section 2.02.02.[3] Further, even if Part 6.11.00 of the LDC applied to Mr. Dibbs' application, the section governing professional residential facilities is section 6.11.75. The language cited by the court comes from section 6.11.28, which governs community residential homes. Thus, the requirements cited by the circuit court are those which need to be considered when a Community Residential Home is applied for as a special permit, not a PD.

In a PD, "[a]ll uses are potentially permitted . . . subject to the policies of the Comprehensive Plan, the requirements of Part 5.03.00 of this Code and all other rules regulations and ordinances of Hillsborough County." *See* 2.02.02(2). Therefore, a Professional Residential Facility Type C could be approved in a PD district so long as it is compatible and consistent with the Comprehensive Plan for Hillsborough County, as implemented by the LDC. The Board, however, concluded that the PD was incompatible with the established residential uses surrounding the property and was, therefore, inconsistent with the Comprehensive Plan.

---

[3] Section 6.11.01(C) of the LDC provides that in order "to determine if a use contained in this Part is a conditional or special use, refer to Table 2.02.02." Table 2.02.02 shows that the proposed usage, a Type C Professional Residential Facility, is prohibited in RSC-3 areas.

The Board applied the correct law in reaching its decision. Whether there was competent, substantial evidence to support that decision is another issue.

"In general, a local government's quasi-judicial decision . . . should be upheld if there is any competent, substantial evidence in the record to support it." *Dorian v. Davis*, 874 So. 2d 661, 663 (Fla. 5th DCA 2004); *see also Orange County v. Lust*, 602 So. 2d 568, 570 (Fla. 5th DCA 1992) ("[T]he trial court's function was to search the record to see if any competent substantial evidence *supported* the Board's decision."). Whether the Board's findings are supported by competent, substantial evidence

> involves a purely legal question: whether the record contains the necessary quantum of evidence. The circuit court is not permitted to go farther and reweigh that evidence (*e.g.,* where there may be conflicts in the evidence), or to substitute its judgment about what should be done for that of the administrative agency.

*Lee County v. Sunbelt Equities, II, Ltd. P'ship*, 619 So. 2d 996, 1003 (Fla. 2d DCA 1993).

Here, the circuit court was tasked with determining whether the record contained competent, substantial evidence to support the denial of the application based on the reasons stated in the resolution—compatibility and consistency with the Comprehensive Plan. However, on this point, the order granting the writ states that "county staff correctly concluded that the proposal met the criteria for approval under the comprehensive plan and [LDC]. The Planning Commission and the Development Services Department, as well as the Hearing Master, all concluded that the proposal was consistent with the comprehensive plan." But "[t]he fact that the County staff recommended approval of the plat is not dispositive. On first-tier certiorari review, the circuit court's

6

task is to review the record for evidence that *supports* the agency's decision, not that *rebuts* it—for the court cannot reweigh the evidence." *Broward County v. G.B.V. Int'l, Ltd.*, 787 So. 2d 838, 846 n.25 (Fla. 2001). The circuit court did not review the record for competent, substantial evidence supporting the Board's decision in that respect.

### III.   Conclusion

Having found a departure from the essential requirements of law in the circuit court's order, we grant the petition for certiorari and quash the order as amended.

Petition granted; order quashed.

NORTHCUTT and LaROSE, JJ., Concur.

———————————————————

Opinion subject to revision prior to official publication.